.J. H. PEARSON AND C. P. PEARSON, Jr., APPELLANTS, v. GENERAL CASUALTY AND SURETY COMPANY, RESPONDENT.

Submitted October 31, 1930—Decided May 18, 1931.

For the appellants, *Feder & Rinzler* (*Joseph A. Feder* and *Jack Rinzler,* of counsel).

For the respondent, *Harley, Cox & Walburg* (*John J. Francis,* on the brief).

The opinion of the court was delivered by

KAYS, J. This is an appeal from a judgment entered in the Supreme Court upon a verdict directed by his honor, William B. Mackay, Circuit Court judge, in favor of the defendant.

The facts in the case are as follows: The defendant below, the General Casualty and Surety Company, on March 8th, 1929, issued to J. H. Pearson and C. P. Pearson, Jr., the plaintiffs below, an accident insurance policy which covered a certain Buick sedan then owned by the plaintiffs. This policy covered any damage which the said sedan might re-

ceive as a result of collision. The policy provided that it should run for one year from the date thereof. The defendant company on May 10th, 1929, sent to the plaintiffs a notice of cancellation of the said policy of insurance. The notice stated that the policy was canceled for non-payment of the premium provided for in the policy and that the cancellation was effective as of May 15th, 1929, at twelve-one P. M. After the cancellation of the policy a branch manager of the Newark office of the defendant company, one Doherty, received a communication from the agent who issued the policy to the effect that the premium would be paid.

Thereupon Doherty sent a notice of reinstatement of the policy to the plaintiffs effective as of May 15th, 1929. The premium, however, was not paid. Thereupon a second notice of cancellation was sent by the said defendant to the plaintiffs stating that the policy was canceled, effective on June 15th, 1929, at twelve-one P. M. This notice was dated June 10th, 1929, was sent by registered mail as provided in the policy and received by the plaintiffs June 13th, 1929. On or about July 19th, 1929, the automobile of the plaintiffs was damaged in a collision and they applied to the defendant to pay the damage to their automobile. The defendant refused for the reason that the policy had been canceled. Thereupon the plaintiffs brought this suit.

The plaintiffs contend that after the collision they had a conversation with Mr. Doherty in his office, at which time the agent, Beshlian, who issued the policy, was also present and that Doherty told Beshlian that the policy was still in force. Doherty, however, testified that he made no such statement and that he had no authority to reinstate the policy when the premium had remained unpaid for more than sixty days. The statement of Doherty, if made, is not material in relation to the obligation of the defendant company, as the policy had been canceled and the cancellation was the exercise of a power reserved in the policy. The language of the policy is as follows: "This policy may be canceled at any time by either of the parties upon written notice to the

other party, stating when thereafter cancellation shall be effective and the date of cancellation shall then be the end of the policy period." The policy further provided that, "notice of cancellation in writing, mailed to or delivered to the address of the assured as given herein, shall be a sufficient notice from the company." Under the circumstances the statement of Doherty that the policy was in force, if he made such statement, was absolutely untrue as nothing had been done to reinstate the policy after the last notice of cancellation. Any statements which Doherty made after the accident had occurred would not operate at that time as a revival of the policy.

It is further argued on behalf of the plaintiffs that because the plaintiffs had arranged with the agent for a subsequent payment of the premium that the reason given for the cancellation was not true in fact. If it is assumed that this was so it would be immaterial. The power of cancellation reserved in the policy was unlimited and did not depend upon the non-payment of the premiums or upon any other factor.

Therefore if the reason stated in the cancellation notice was not the true reason still the cancellation itself was valid. The Supreme Court held in the case of *Siegler* v. *New Amsterdam Casualty Co.*, 3 *N. J. Mis. R.* 1069, that the untruthfulness of the reason for cancellation of an employer's compensation policy was immaterial because under the terms of the policy no reason was required to be assigned.

We are, therefore, of the opinion that the court below properly directed a verdict for the defendant. The judgment is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.