58 So.2d 857 (1952)
BRADLEY
v.
ASSOCIATES DISCOUNT CORP. et al.
Supreme Court of Florida, Special Division A.
April 22, 1952.
Rehearing Denied June 3, 1952.
*858 Boyd H. Anderson, Jr., and Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellant.
McCune, Hiaasen & Kelley, Fort Lauderdale, for appellees.
THOMAS, Justice.
The insurance company issued a policy to Associates Investment Company and its subsidiaries, of which the appellee, Associates Discount Corporation, was one, to cover any damage caused by collision to an automobile purchased by appellant from Trammel Motors Inc., under a conditional sales contract later, evidently, transferred to Associates Discount Corporation. The purchase price included the premium on the insurance contract which was to cover the period of two years from January 1948.
Installments of the purchase price were met by the purchaser to and including the one due in July 1949.
On August 6, 1949 the car was badly damaged by collision, and the appellant reported the loss to Associates Discount Corporation where employees informed him the insurance had been cancelled the preceding June. He then communicated with the insurance company where he received the same information.
Suit was brought against the appellees resulting in a verdict in favor of the discount company and against the insurance company. The court granted the latter's motion for new trial, observing that "the mailing of notice [of cancellation], without receipt, * * * [was] sufficient. * * * As to conformity of the notice with the policy provisions, see Summers v. Travelers Ins. Co., 109 F.2d 845." Later he clarified the comment by stating, simply, "That the order granting the new trial was based on the Court's error in charging the Jury as requested in Plaintiff's Charge No. 10." So it may be said that the judge had in mind two aspects of the case: first, the actual receipt by the insured; and second, the form of the notice given, inasmuch as the cited case dealt with the latter proposition.
Turning to this charge we find these two thoughts because the jury was told that strict compliance with the terms of the policy was necessary to accomplish cancellation; also, that liability would not cease unless the "Plaintiff received actual notice that said policy had been cancelled prior to loss sustained thereunder."
The cancellation clause in the policy reads: "The insurance under any individual policy * * * may be canceled at any time by the Company by mailing to the Named Insured and to the Purchaser * *, for account of all parties at interest, written notice stating when not less than five (5) days thereafter such cancelation shall be effective. Notice of cancelation to Purchaser * * * shall state that the return premium, if any, will be paid to the Named Insured for account of all parties at interest." Immediately following was a provision that "Notice of cancelation mailed to the Named Insured and Purchaser * * * at the address of each stated in the * * * Policy * * * shall be sufficient proof of notice to all parties at interest."
A copy of the notice to appellant appears in the record bearing a certificate that it was posted; and there was also filed a Post Office Department receipt, form 3817, of the postmaster of South Bend, Indiana, of a piece of mail from the insurance company to appellant, which by logical deduction was the notice. The addresses on these papers are precisely the same as the one in the policy. There also appears a letter to appellant at the same address from Associates Discount Corporation informing him of the cancellation.
We cannot stretch the rule of strict construction of insurance contracts in favor *859 of the insured to mean that where the language is plain and unambiguous it may be given an added meaning. The contract here contains nothing at all about the receipt of the notice, but only about its mailing, and with that simple provision there seems to have been meticulous compliance. The judge was right when, upon finding that this statement in the charge did not coincide with the obligation of the policy, he ordered a new trial on that score.
The appellant here complains of the discrepancy between the requirement in the policy that the notice should contain the statement about payment of any unearned premium to the insured for the "account of all parties at interest," and the statement in the notice mailed that "excess * * * [payments over] the pro rata premium for the expired time (if not tendered) will be refunded on demand."
Assuming from our interpretation of the court's order and the charge that this point was properly presented, we conclude that there was no such variation as to have invalidated the notice, especially as the policy specifically mentions payment to the "insured," in this case Associates Investment Company and subsidiaries, and not to the "purchaser," this being the way they were respectively described in the contract.
We also find no merit in the contention that under 30 F.S.A. Common Law Rule 39(b) the appellees couldn't complain of the charge, already discussed, because the objection was made generally to all charges given at plaintiff's request. The relevant part of the rule provides that no party may "assign as error the giving of any instruction unless he objects thereto * * *." Of course, the appellees assigned no error, as they were successful in the trial court. The appellant could not assign as error the giving of the charge he, himself, requested. We consider the term assignment of error not to describe challenges of rulings presented via motion for new trial, but to attacks launched in the appellate court when the trial court has disposed of the controversy.
We think the judge ruled correctly on the matter too, and was merely trying to correct errors he felt he had committed. We commend him for his action and in arriving at that view have not been uninfluenced by the doctrine long since adopted that orders granting new trials will be disturbed only with great reluctance.
Affirmed.
SEBRING, C.J., and CHAPMAN and MATHEWS, JJ., concur.