37 N.J. Super. 9 (1955)
116 A.2d 798
GEORGE TANER, PLAINTIFF-APPELLANT,
v.
ATLANTIC CASUALTY INSURANCE COMPANY OF NEWARK, A CORPORATION OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 12, 1955.
Decided September 22, 1955.
*10 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Martin Gelber argued the cause for the plaintiff-appellant.
Mr. Abraham L. Harkavy argued the cause for the defendant-respondent (Messrs. Harkavy and Lieb, attorneys; Mr. Jerome S. Lieb, of counsel).
The opinion of the court was delivered by FREUND, J.A.D.
The question for determination is whether the automobile liability insurance policy issued by the defendant to the plaintiff was in effect on July 22, 1954 when the plaintiff's automobile was involved in an accident.
The defendant issued to the plaintiff a liability policy for the term of one year beginning November 16, 1953 which provided that the annual premium be paid in quarterly installments. The first installment was paid, but the plaintiff failed to pay the second which was due in February, 1954. By written notice dated April 5, the defendant notified the plaintiff of cancellation of his policy to be effective April 16, 1954. On April 10 the second installment was paid and the policy was reinstated as of April 13. The plaintiff failed to pay the third quarterly installment due on May 16, 1954 and by *11 written notice dated June 21 the policy was cancelled effective July 2. On June 23 the plaintiff paid the sum of $26.94 for the third quarterly installment. On June 30, 1954 the defendant by letter notified the plaintiff acknowledging the payment of June 23, but advising "that the balance of $24.99 must be paid before we can reinstate" the policy, which condition was in effect an acceleration of the fourth quarterly installment. On July 22, 1954 the plaintiff's automobile was involved in an accident and two days later the plaintiff paid the defendant $25, the balance due, which defendant by its letter of June 30 had requested be paid in order to reinstate the policy. Thereupon, the defendant reinstated the policy effective July 27, and so notified the plaintiff.
As a result of the accident of July 22, 1954 the plaintiff was sued and judgment entered against him in the approximate amount of $265, which he paid. He then instituted this action seeking reimbursement from the defendant for the amount paid.
The plaintiff contends that the notice of cancellation dated June 21, 1954 was defective for the reason that it was not signed and therefore the policy was in force on the day of the accident, July 22, 1954. The defendant maintains that a signature on the notice was not requisite to an effective termination of the policy, and that the policy was not in effect on July 22 for the reason that prior to the date of the accident it had been cancelled for non-payment of the installment due on May 16, 1954. It further argues that the plaintiff is estopped from claiming protection under the policy at the time of the accident because he accepted without dissent what purported to be reinstatement of the policy by the defendant as of July 27, 1954, subsequent to the date of the accident.
The trial court awarded judgment to the defendant stating that although the notice given for the termination of the policy was insufficient because it was not signed on behalf of the defendant, the plaintiff subsequent to the notice and accident paid the defendant the last quarterly premium of $25 and received a notice of reinstatement as of July 27.
*12 Provision 23 of the policy expressly provides that: "This policy may be cancelled by the company by mailing to the named insured * * * written notice stating when * * * such cancellation shall be effective * * *." Admittedly, the notice of cancellation dated June 21, 1954 was not signed, but it was similar in form to the notice of cancellation dated April 5, 1954, and admittedly it was received by the plaintiff. Moreover, there is no requirement that the notice be signed. It notified the plaintiff, fully and completely, that the defendant was cancelling the policy for nonpayment of the premium then past due. If the plaintiff had any doubt as to the intent of the defendant in cancelling the policy, he failed to make it known. On the contrary, he received the defendant's letter of June 30, 1954, acknowledging receipt of the payment of $26.99 and stating that the balance of $24.99 must be paid before the policy would be reinstated. When the plaintiff received the letter of June 30 following his payment of June 23, he was fully apprised that the notice of cancellation was an intentional and authorized exercise of the defendant's right to cancel the policy under its provisions and that unless he made a further payment the cancellation would be effective July 2. Pearson v. General Casualty & Surety Co., 107 N.J.L. 509 (E. & A. 1931); Womack v. Fenton, 28 N.J. Super. 345 (App. Div. 1953).
We also find the defense of estoppel sustained. It is well settled that:
"* * * where a party, with full knowledge, or with sufficient notice * * * remains inactive * * * or freely does what amounts to a recognition thereof as existing, or acts in a manner inconsistent with its repudiation and so as to affect * * * the relation and situation of the parties, so that the other party is induced to suppose that it is recognized, this amounts to acquiescence. * * *" 19 Am. Jur., Estoppel, § 62, p. 678, quoted with approval in McSweeney v. Equitable Trust Co., 127 N.J.L. 299 (E. & A. 1941).
Not until July 24, two days after the accident, did the plaintiff pay the $24.99 balance of the premium, but not until July 26 did he give the defendant notice of the accident. *13 Such conduct estops him from now claiming that the unsigned notice of cancellation was ineffective. If the plaintiff had questioned the notice of cancellation, he should not two days after its receipt have paid the third quarterly installment. After receiving the defendant's letter of June 30 notifying him that the last quarterly installment would have to be paid before the policy could be reinstated, he should not have remained silent. Moreover, he gave the defendant notice of the accident and thereafter accepted without dissent defendant's notice of reinstatement as of July 27. Accordingly, the defendant did not have the opportunity to investigate the claim or defend the action brought against the plaintiff. We conclude that under the facts and circumstances the plaintiff was effectually estopped to maintain this action.
Affirmed.