83 So.2d 855 (1955)
SERVICE FIRE INSURANCE COMPANY OF NEW YORK, Appellant,
v.
Robert MARKEY, Appellee.
Supreme Court of Florida. En Banc.
December 14, 1955.
Boggs, Blalock & Holbrook, Jacksonville, and Leon F. Weaver, Tallahassee, for appellant.
Byron Butler and Robert M. Leite, Perry, for appellee.
TERRELL, Justice.
July 17, 1952, appellee secured an automobile collision insurance policy from appellant. In June, 1953, the automobile was engaged in an accidental collision resulting in a loss of $1,432.86 to the plaintiff in damage to his car. It is further alleged that no part of said amount has been paid, account of which plaintiff says that he has been compelled to employ counsel and bring this suit to recover on the policy. Defendant's answer alleged that it cancelled said policy effective August 11, 1952, and that plaintiff was given due notice of such cancellation with a refund of the unearned premium being made to a finance company. At the conclusion of the trial, the jury returned a verdict for the plaintiff on which the trial court entered an amended final judgment. A motion for new trial was denied and defendant appealed.
*856 The point for determination is whether or not the trial court should have directed a verdict for the defendant at the close of all the evidence.
The record shows that cancellation of the policy became effective at 12:01 A.M. Standard Time, August 11, 1952, and the loss or damage to the car occurred June 14, 1953. The evidence shows that defendant complied with the cancellation provision of the policy before the loss by mailing by ordinary mail the required notice of cancellation to the plaintiff. Evidence also showed that the notice of cancellation was not received by the plaintiff. The trial court denied a motion to set aside the verdict.
The provision for cancellation of the insurance policy is as follows:
"This policy may be cancelled by the company by mailing to the insured at the address shown in this policy written notice stating when not less than five days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancellation stated in the notice shall become the end of the policy period."
This is the standard form of policy cancellation used by insurance companies. It is unambiguous and must be construed according to its plain intent. Genone v. Citizens Ins. Co. of New Jersey, 207 Ga. 83, 60 S.E.2d 125; Seaboard Mutual Casualty Co. v. Profit, 4 Cir., 1940, 108 F.2d 597, 126 A.L.R. 1105; Trinity Universal Insurance Co. v. Willrich, 13 Wash.2d 263, 124 P.2d 950, 142 A.L.R. 1; Duff v. Secured Fire & Marine Ins. Co., Tex.Civ.App. 1949, 227 S.W.2d 257; Bradley v. Associates Discount Corp., Fla. 1952, 58 So.2d 857; American Fire & Casualty Co. v. Combs, Ky. 1954, 273 S.W.2d 37; Insurance Co. of Texas v. Parmelee, Tex.Civ.App. 1955, 274 S.W.2d 944; Wisconsin Natural Gas Co. v. Employers Mut. Liability Ins. Co., 263 Wis. 633, 58 N.W.2d 424.
These cases approve the rule that proof of mailing the notice of cancellation to the named insured at his address stated in the policy shall be sufficient compliance with the policy provision requiring notice to the insured. Some of these same authorities hold that convincing evidence of mailing is not rebutted merely by evidence that the notice was not actually received. In denying the motion for directed verdict at the conclusion of the testimony, the trial court overlooked these holdings. The notice provision in the policy in the case at bar conforms substantially with the notice provision in the policy in Bradley v. Associates Discount Corp., supra. The loss in the case at bar took place after the notice of cancellation was mailed to the plaintiff who testified that he did not get the notice of cancellation. This court held that mailing of the notice by registered mail without return receipt was "meticulous compliance" with the law. The policy provision did not require mailing by registered mail and we can not read such a requirement into the contract. See Rigel v. National Cas. Co., Fla. 1954, 76 So.2d 285.
Our attention is directed to Womack v. Fenton, 28 N.J. Super. 345, 100 A.2d 690, treating the question of whether or not a jury issue was presented as to mailing of the notice by a denial as to its receipt. The court held that the weight of authority is to the effect that where the mailing of the written notice of cancellation in strict conformity with the expressed essentials of such a provision is established by proof, the cancellation is effectual without evidence of the receipt of the notice by the insured. In this case, as in the case at bar, effort was made to overcome with positive and uncontradicted evidence the presumption of law that since the notice was properly mailed, it was received. Said the court the decisional law is to the contrary. A presumption of law has no artificial probative force of its own. It compels the particular conclusion for the trial judge in the absence of evidence to the contrary, it vanishes in the face of positive, substantial, trustworthy, uncontradicted and repellent evidence.
*857 In our view Bradley v. Associates Discount Corp. and Womack v. Fenton, supra, compel a reversal of the judgment appealed from. The motion of appellant for directed verdict at the conclusion of all the testimony should have been granted so the amended judgment is reversed with directions to enter judgment for the defendant.
Reversed with directions.
THOMAS, THORNAL and BARNS, JJ., concur.
DREW, C.J., concurs specially.
HOBSON and ROBERTS, JJ., dissent.
DREW, Chief Justice (concurring specially).
In Atlantic Coast Line Railroad Co. v. Beazley, 1907, 54 Fla. 311, 45 So. 761, this Court approved an instruction which is now given in the general instructions of trial courts either in the exact or similar language in almost every civil trial held in this State. This instruction reads as follows:
"It is your province, and yours alone, to pass on the disputed issues of fact; and it is the Court's province to give you the law in charge, to which you are to apply the facts as you find them. You are the sole judges of the weight of the evidence and the credibility of the witnesses who have testified before you, and where the testimony is conflicting it is your duty to reconcile it, if you can, upon the theory that such witnesses have sworn to the truth; but, if you cannot do so, then you are privileged to discard so much or such parts of it as you deem unworthy of credit."
The result reached in the opinion of Justice TERRELL reversing the judgment below with directions to enter one for the defendant is the only result which could properly be reached in the disposition of this case if we give full effect to this well accepted charge. If we accept as true the testimony of both the plaintiff's witnesses and the defendant's witnesses, we must reach the conclusion that the notice of cancellation was mailed in accordance with the requirements of the policy. If, on the other hand, we should affirm the judgment below, it would necessarily require the conclusion that the testimony of defendant's witnesses with reference to mailing the notice was untrue.
I, therefore, concur in the judgment reached in the opinion of Justice TERRELL.
ROBERTS, Justice (dissenting).
The sole issue here is whether the trial judge erred in sending to the jury the question of whether the insurance company had actually mailed to the insured a notice of cancellation of his policy. The trial judge did not submit to the jury the question of whether the notice was received by the insured; in fact he specifically instructed the jury that "If you believe from the testimony that notice was actually mailed by this company, it don't make any difference whether the plaintiff got it or not under the terms of this policy. If you believe that the notice was actually mailed, whether he received it or not would be of no consequence because the policy only provides for the mailing of it, but you do have the right and it is your duty to go into the question of whether or not the notice was actually mailed. You should be absolutely fair and impartial between the parties here."
This instruction was, of course, eminently correct insofar as it told the jury that the fact that the insured did not receive the notice "would be of no consequence," in view of our holding in Bradley v. Associates Discounts Corp., Fla. 1952, 58 So.2d 857, that the insurance company was not required to prove receipt of the notice by the insured in order to effect cancellation of a policy under a clause therein very similar to that with which we are here concerned. But we did not decide in that case that testimony by the company's employee that he or she had placed the notice of cancellation *858 in the mail, properly addressed to the insured, when controverted only by evidence that the insured did not receive the notice, entitled the company to a directed verdict on the issue of whether the notice had been mailed. In fact, this question has not heretofore been decided by this court.
The burden was on the insurance company to prove that the insurance policy had been cancelled prior to the accident. The company went forward with its burden by filing in evidence a copy of a notice of cancellation directed to the insured, to which there was appended a "certificate" of the company's employee that she had that day "personally mailed in a United States Post Office Department mail box provided for first class mail, located in the city stated below, a securely closed envelope with first class postage fully prepaid addressed to the above addressee and address, and containing an exact copy of the foregoing letter." It was stipulated that she would so testify, if she appeared as a witness. It was also shown on behalf of the insurance company that a copy of the cancellation notice and a refund of the unearned premium had been received by the automobile finance company that financed the purchase of the car by the insured, and that the finance company had also written to the insured, referring to the cancellation, and requesting that he take out other insurance on the car.
On behalf of the insured, his mother testified that she always opened the mailbox and received all mail directed to her son at Perry, Florida (the address given for him in the policy and to which the notice of cancellation was directed); that she made the payments on the car for him, either to the local automobile dealer or to the finance company, and always opened the mail relating to the car; that she did not receive a letter from the insurance company, cancelling the insurance, nor did she receive the letter from the finance company directing her son to secure other insurance. The testimony of the insured, stationed at an army camp in Louisiana, was to the same effect  that is, that he did not receive and his mother did not forward to him any letters containing or referring to a cancellation of his insurance policy. The automobile dealer who sold the car to the insured and endorsed the financing contract testified that, although he had received notice of cancellation of insurance in several similar transactions, he did not recall having received one as to this particular transaction and that the file showed no such notice.
The foregoing is the gist of the evidence adduced by each party. The insurance company contends here that its positive direct evidence that the notice was mailed is not rebutted by evidence that it was not received, and that it is entitled to a judgment in its favor as a matter of law. As noted above, this question has never been passed on by this court. There is a conflict among the courts of other jurisdictions on this point.
Illustrative of the cases holding that a jury question is presented by such conflicting testimony is Verecchia v. De Siato, 1946, 353 Pa. 292, 45 A.2d 8, 10. In that case, under an almost identical clause of an insurance policy and upon even stronger evidence on behalf of the insurance company, the Supreme Court of Pennsylvania said:
"On the state of the record thus indicated, we concluded that it was for the jury to pass upon the evidence as to whether the notice of cancellation had been duly sent. The clerk's oral testimony was circumstantially strongly supported by a `document'  the postal receipt; but this did not withdraw the question of notice from the circle of dispute or controversy. The insurer had the burden of proving the policy had been terminated, and whether the notice had been duly given remained an issue of fact despite the circumstance that the undoubted weight of the evidence inclined toward the insurance company. In other words, the credibility of the clerk's testimony with reference to the notice and the mailing of it was for the jury."
See also Keeling v. Travelers Ins. Co. etc., 1937, 180 Okla. 99, 67 P.2d 944; Grimes *859 v. State Auto. Mut. Ins. Co., 1953, 95 Ohio App. 254, 118 N.E.2d 841; Wilson v. Frankfort Marine, etc., Ins. Co., 77 N.H. 344, 91 A. 913, 914; White v. Dixie Fire Ins. Co., 1946, 226 N.C. 119, 36 S.E.2d 923.
Other courts have held that convincing evidence of mailing is not rebutted merely by evidence that the notice was not actually received. See Wright v. Grain Dealers Nat. Mutual Fire Ins. Co., 4 Cir., 186 F.2d 956; Aetna Ins. Co. v. Aviritt, Tex.Civ. App., 199 S.W.2d 662; Boyle v. Inter Insurance Exchange of Chicago Motor Club, 335 Ill. App. 386, 82 N.E.2d 179; Womack v. Fenton, 28 N.J. Super. 345, 100 A.2d 690; Gendron v. Calvert Fire Ins. Co., 1943, 47 N.M. 348, 143 P.2d 462, 149 A.L.R. 1310. It is noteworthy that in the Wright and Aetna Ins. Co. cases, supra, the insurance company corroborated the oral testimony of its employee by introducing in evidence a post office receipt showing the mailing of a letter to the insured on the date claimed. The opinion in the Boyle case does not show whether such a receipt was obtained. In the Womack case, the court held that testimony of the insured that he had not received the notice was not even admissible. It was not shown whether a postal receipt was obtained, although the court said [28 N.J. Super. 345, 100 A.2d 691]: "* * * definite and precise evidence of the proper mailing to the plaintiff * * * of the requisite notice of cancellation * * * flowed from the testimony of the witness Marie Ferrera, elucidated by the confirmatory exhibits." (Emphasis added.) In the Gendron case [47 N.M. 348, 143 P.2d 464], the trial court was the trier of the facts, and found as a fact that the insurance company "complied strictly with the terms of said policy in giving notice of cancellation" and it "concluded as a matter of law that the policy was duly cancelled before the date of the accident."
The type of clause here in question  which substitutes proof of mailing of notice of cancellation for proof of actual receipt of the notice by the insured  has been administratively and judicially approved because of the known regularity of the mails and the presumption that because the notice is mailed, it will be received in due course by the insured. 1 Wig.Ev. Sec. 95. But we do not conceive that, by consenting to such a clause in a policy, the insured has contracted away his right to have a question of fact determined by a jury, nor that he is no longer entitled to have a jury pass on the question of the credibility of the witnesses. If the testimony of the insurer's employee is true, and the letter was actually mailed, the probability is great that it would have reached its destination. On the other hand, if the testimony of the insured's witnesses is true, and such a letter was never received, it is equally probable that it was never mailed. We have no right to assume that the insurance company's witnesses are more credible than those of the insured.
It may well be that when positive direct testimony of the mailing of the notice, together with corroborative evidence in the form of a postal receipt or registration slip, is introduced by the insurance company, and is rebutted only by testimony of the insured that it was not received, it would be proper to hold that the overwhelming weight of the evidence requires a verdict in favor of the company; but, in my opinion, the trial court is not required to so rule where the fact of mailing depends ultimately on the credibility of witnesses.
Insurance, once perhaps a luxury, is now a necessity in many fields. The coverage represented by a live, effective insurance policy is of tremendous importance in the economic and private lives of all classes of insured persons. This is especially true of automobile insurance, where the owner without coverage may lose his license if involved in an accident. Chapter 324, Fla. Stat. 1953, F.S.A. Cancellation of an insurance policy by the company is the termination of a vital contractual relationship; it should be attended with the same dignity and attention that is given to the termination of other important business relationships. It would be a simple matter for the company to mail notice of cancellation by registered mail or to obtain a postal receipt showing mailing. The need for more stringent requirements in this matter is of such public importance that, in my opinion, it *860 should be given consideration by the legislative branch of our government.
For the reasons stated, I would affirm the judgment of the trial court.
HOBSON, J., concurs.