128 So.2d 420 (1961)
AETNA CASUALTY AND SURETY COMPANY, Appellant,
v.
W.M. Simpson, Appellee.
No. C-243.
District Court of Appeal of Florida. First District.
April 6, 1961.
Rehearing Denied April 19, 1961.
*421 Shell, Fleming & Davis, Pensacola, for appellant.
Coe & Coe, Pensacola, for appellee.
*422 WIGGINTON, Chief Judge.
Appellee insured sued appellant insurance company on a policy of automobile liability insurance. In accordance with the jury's verdict a judgment was entered in favor of appellee from which this appeal is taken.
The record reveals that appellee filed his complaint in the trial court alleging that he is the owner and holder of a liability insurance policy issued by appellant by which it agreed to insure appellee against bodily injury and property damage liability which might arise from the operation of four certain described trucks owned by appellee. It is alleged that while the policy was in full force and effect one of the trucks insured thereby was involved in a collision under circumstances rendering appellee liable for the damages resulting therefrom. Although notified of this occurrence, appellant refused to defend the action subsequently brought against appellee. He alleges that he incurred certain expenses in connection with the employment of counsel to defend the action brought against him by the injured parties, which action resulted in judgments rendered against appellee for certain stated sums of money, together with court costs. The complaint prays for judgment in a sum sufficient to indemnify the plaintiff for the cost and expenses incurred by him in connection with the defense of the action, together with the amount of judgments rendered in favor of the plaintiffs in that suit which appellee is required to pay.
Appellant answered the complaint denying that the insurance policy mentioned therein was in full force and effect at the time the truck purported to be covered thereby was involved in the collision described in the complaint, and affirmatively alleges that prior to the collision out of which appellee's liability arose the insurance policy had been effectively cancelled thereby relieving appellant from any obligation to defend the action brought against appellee or to pay any costs, expenses or other liability resulting therefrom.
Interrogatories propounded by appellee were answered, following which appellant filed its motion for summary judgment. The motion so filed is supported by several affidavits and is opposed by an affidavit signed and filed by appellee. The record reveals that both the motion for summary judgment, together with all supporting and opposing affidavits were filed in the cause on July 8, 1960. No order on the motion for summary judgment appears in the record, nor in the appendices to the briefs filed by the parties.
The record further reveals that by leave of court appellee filed on July 15, 1960, a reply to the affirmative defense of cancellation interposed by appellant. By his reply appellee alleges that the purported cancellation of the insurance policy was ineffectual as a matter of law for the reason that the notice is so ambiguous on its face as to render it a nullity. The reply also raises the issue of equitable estoppel against the defense of cancellation by alleging that appellee never in fact received notice of cancellation from either appellant or its agent, and that appellant failed or refused to tender to him the unearned portion of the premium paid for the insurance policy at the time of its procurement as required by the terms and provisions of the policy. It is alleged that as a result appellee was led to believe that his policy continued in full force and effect, whereas had the unearned premium been tendered to him at or about the time of the purported cancellation as required by the provisions of the insurance policy, he would have then been in position to protect himself by procuring other insurance on the truck whose operation caused the damages for which he is adjudged liable. No procedural attack upon the legal sufficiency of this reply was made by appellant. It was upon the issues thus formed by the complaint, the defenses interposed by the answer and plaintiff's reply thereto that the case was submitted to the jury which resulted in the rendition of the judgment in appellee's favor.
By his first point appellant contends that the trial court erred in denying its motion for summary judgment. There *423 are two reasons why we cannot consider this point. In the first place the record fails to contain any order rendered by the court on the motion for summary judgment. Other than what is said by appellant in his brief, the veracity of which we do not question, there is no record proof that an order on the motion was ever rendered. It is fundamental that the record on appeal must contain every order, judgment or decree which forms the subject of alleged error. An appellate court is not authorized to hold a trial court in error for its rendition of an order, judgment or decree alleged to be erroneous unless proof of the rendition of such ruling is incorporated in the record and made available for review. Secondly, because of the foregoing, the record fails to reveal the date on which the alleged order denying appellant's motion for summary judgment was rendered. The date of the rendition of such order, assuming one was rendered, would be crucial in deciding whether error was committed. If the motion was heard and decided by the court at that stage of the proceedings when the only justiciable issue formed by the pleadings was whether or not the insurance policy in question had been effectively cancelled, it might be held for the reasons appearing later in this opinion that the court erred in denying the motion. If on the the other hand, the motion was heard and disposed of by the court after appellee's reply had been filed raising the additional issues concerning the validity vel non of the notice, and equitable estoppel to assert the defense of cancellation, it might be held that the court was correct in denying the motion. This is so for the reason that the only proof offered by appellant in support of its motion for summary judgment was confined solely to the issue of cancellation and had no bearing whatever upon the remaining issues raised by appellee's reply. The motion was not for partial summary judgment, but for judgment on the entire cause of action sued upon.
Appellant next contends that the trial court erred in submitting to the jury the issue of equitable estoppel interposed to the defense of cancellation, which was raised by appellee's reply. The uncontradicted evidence shows that the policy of liability insurance in question was issued on October 22, 1958, and the premium therefor fully paid by the insured. On December 1, 1958, some two and one-half months after the policy issued, appellant mailed to appellee at the address shown in the policy a written notice purporting to advise that the policy was cancelled effective December 13, 1958. A copy of the notice of cancellation was mailed by appellant to its local agent who had solicited appellee's business. The local agent wrote a letter to appellee on December 4, 1958, to the address specified in the policy, advising him that appellant had cancelled the insurance policy in question and inquiring what disposition appellee wishes to be made of the unearned premium due him. The agent advised appellee of a method whereby other insurance could be procured on the trucks covered by the policy if such was desired. Appellee regularly maintained a post office box at the address shown in the policy and regularly received all mail directed to him at that address. Despite this, he testified that he never received the notice of cancellation mailed to him by appellant, nor the letter advising him of cancellation from the local agent. On March 10, 1959, some three months after the purported cancellation, one of appellee's trucks covered by the policy was involved in a collision which resulted in damage to third parties under circumstances rendering appellee liable therefor. The occurrence was reported to appellant's agent on the following day, March 11, 1959, when appellee learned for the first time that his insurance policy had theretofore been cancelled and was no longer in force and effect.
The cancellation provision contained in the policy of insurance is in the standard form customarily used by insurance companies doing business in Florida. It provides that the policy may be cancelled by the company by mailing to the insured at the *424 address shown in the policy written notice stating when, not less than ten days thereafter, such cancellation shall be effective. It further provides that the mailing of the notice shall be sufficient proof of cancellation, and the effective date of cancellation stated in the notice shall become the end of the policy period.
It is a well established principle prevailing in Florida that proof of mailing a notice of cancellation to a named insured at his address stated in the policy shall be sufficient compliance with the policy provision requiring notice to the insured. Convincing evidence of mailing is not rebutted merely by evidence that the notice was not actually received. Where the mailing of the written notice of cancellation in strict conformity with the expressed essentials of such a provision is established by proof, the cancellation is effectual without evidence of the receipt of the notice by the insured.[1] The foregoing appears to be the general rule adhered to by the majority of other jurisdictions in this country.[2]
It therefore clearly appears that the fact appellee failed to receive the written notice of cancellation of his policy was not sufficient under the evidence in this case to affect the validity of the notice, nor to render ineffectual the cancellation of the policy in question.
Appellee seems to concede that under the law of this state he is precluded from asserting that his failure to receive the notice of cancellation rendered it ineffectual. It his position, however, that the fact he had no actual as distinguished from implied notice of the cancellation, coupled with appellant's failure to tender to him the unearned premium to which he was entitled upon cancellation of the policy as required by the terms and provisions thereof, justified him in assuming that the insurance policy on his truck continued in full force and effect. It is his contention that had appellant tendered to him the unearned premium to which he was entitled and as is required by the provisions of the policy, he would have had actual notice of the cancellation and would have been in position to then protect himself by procuring other insurance which would have indemnified him against the loss he subsequently suffered when his truck became involved in a collision. The evidence reveals without dispute that the unearned premium due appellee was never actually tendered to him by the appellant or its local agent until after appellee had reported the accident involving his truck on March 11, 1959. Appellee refused to accept the tender then made of the unearned premium. It is based upon the foregoing facts appellee contends that as a matter of equity appellant is estopped to assert the defense of cancellation, and that this issue was properly presented to the jury by the court under appropriate instructions as to the law relating thereto.
That portion of the insurance policy dealing with the matter of returning unearned premium in the event of cancellation provides that "if the company cancels, earned premium shall be computed prorata. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation."
No decision by any appellate court of this state has been cited to us by either party, and our research reveals none, which passes directly upon the question of whether the return of unearned premium on an automobile liability insurance policy is a condition precedent to an effectual cancellation of the policy by the insurer. The policy in question constitutes a contract between the parties, and its clear and unambiguous terms must be respected. The provisions referred *425 to above unequivocally state that payment or tender of unearned premium is not a condition of cancellation. Our review of the decisions from other jurisdictions construing exact or substantially similar policy provisions leads to the inevitable conclusion that the weight of authority in this country is to the effect that the duty to return the unearned premium after notice of cancellation is simply that of a debtor obligated to pay a debt which arises as a consequence of cancellation, and its payment or tender is not essential to an effective cancellation. Upon cancellation, a debtor and creditor relationship comes into being between the insured and the insurer by virtue of which the insured may enforce his right to a return of the unearned premium in the event it is not tendered to him in accordance with the policy provisions.[3] It is recognized that a contrary rule is followed in a minority of jurisdictions, or is reached because of statutory requirements or specific policy provisions making return of the unearned premium a condition precedent to effectual cancellation.
We are thus brought squarely to face with the question of whether under an insurance contract such as the one involved in this case an insurance company may be estopped to assert cancellation of its policy if it fails to tender to its insured the unearned premium on the cancelled policy under circumstances where the insured failed to actually receive the written notice of cancellation mailed to him. There is no contention that other than failing to tender appellee the unearned premium on his cancelled policy did appellant commit any act or omission or was guilty of any conduct calculated to mislead appellee or influence him to believe that the liability insurance policy on his trucks continued in full force and effect.
In the Johnson case[4] the holder of a liability insurance policy sued the insurance company for a loss sustained by it arising out of the operation of its motor vehicle covered by the policy. The defense was one of cancellation prior to the accident out of which plaintiff's liability arose. There the plaintiff actually received the notice of cancellation prior to the accident but elected to disregard it on the belief that it was invalid for the reason that the premium on the policy had been paid in full. It was there contended that even though plaintiff could not question the effectiveness of the cancellation, nevertheless the insurance company was equitably estopped to assert this defense for the reason that it had failed to tender plaintiff the unearned premium on the policy to which it was entitled after cancellation. It was asserted that if such tender had been made the plaintiff would have then had actual notice that its insurance policy had been legally cancelled, and it could have procured other insurance to protect itself against the loss it ultimately sustained. The provisions of the insurance policy with respect to cancellation and return of the unearned premium were virtually identical with the provisions contained in the insurance policy now before us in this case. In rejecting plaintiff's theory of equitable estoppel in the Johnson case, Judge DeVane of the United States District Court held that the failure of the insurance company to tender plaintiff the unearned premium following cancellation of the policy, standing alone, was not sufficient to estop the insurance company from asserting the defense of cancellation.
We are of the opinion that the ruling in the Johnson case was a correct interpretation and application of the law of Florida with respect to the doctrine of equitable estoppel, and is applicable to the facts present in the case now reviewed. The essentials of equitable estoppel are (1) words and admissions, or conduct, acts and acquiescence, or all combined causing another person to believe in the existence of a certain state of things; (2) in which the *426 person so speaking, admitting, acting and acquiescing did so wilfully, culpably or negligently, and (3) by which such other person is or may be induced to act so as to change his own previous position injuriously. The parties sought to be estopped must be guilty of conduct which amounts to a false representation or concealment of material facts at a time when he has knowledge, actual or constructive, of the real facts.[5] It cannot be held under the facts in this record that appellant, by failing to return to appellee the unearned premium on the cancelled policy, wilfully or intentionally concealed the fact that the policy had been cancelled for the purpose of influencing appellee not to procure other insurance. This is so for the reason that appellant had no knowledge that appellee had not received either from it or its local agent the notice or letter advising him that his policy had been cancelled on an effective date stated therein. We therefore hold that the trial court erred in submitting to the jury the issue of equitable estoppel raised by appellee in this case. From the facts present in the record, considered in light of the principles heretofore stated, the issue of equitable estoppel should have been withdrawn from the jury and a verdict on this issue directed in defendant's favor pursuant to the motion made by it at the close of the evidence.
Appellant next contends that the trial court erred in submitting to the jury for its determination the question of the validity vel non of the notice of cancellation mailed by appellant to appellee. The general rule governing the sufficiency of such a notice is that "in order to form the basis of a cancellation of a policy notice by the insurer to the insured need not be in any particular form in the absence of a statute or policy provision prescribing such form, and is sufficient so long as it positively and unequivocally indicates to the insured that it is the intention of the company that the policy shall cease to be binding as such upon the expiration of the stipulated number of days from the time when its intention is made known to the insured."[6]
The proof with respect to the form of notice of cancellation issued by appellant and mailed to appellee is undisputed. Appellee did not allege in his reply to appellant's answer, nor did he attempt to prove at the trial, that he was misled or confused by any alleged ambiguities appearing in the notice of cancellation. His testimony was to the effect that he never received the notice. It is his contention, however, that even had the notice been received by him, it fails to meet the requirements of law as to positiveness and unequivocalness and is therefore a nullity.
In his charge to the jury the trial court gave the following instruction:
"The Court charges you that while an insurance company such as the Defendant is entitled to cancel a policy by mailing a notice as provided by the terms of the policy, if you find that such notice was mailed but it was so ambiguous, that is to say, hard to understand, as not reasonably to inform one who had paid his premium that the policy was being cancelled notwithstanding, then such notice is insufficient to effect cancellation and the policy would remain in full force and effect because under such circumstances there would be no cancellation, and your verdict in such situation would be for the Plaintiff."
Since the evidence relating to the form of cancellation issued by appellant was undisputed, the question of the validity vel non of the notice was one of law to be decided by the court.[7] There exists no disputed *427 fact requiring the jury's determination of this issue. We therefore hold that the trial court erred in refusing to resolve this issue as a matter of law pursuant to appellant's motion for directed verdict, and in submitting it to the jury for its decision.
We have considered the remaining points on appeal made by appellant but find them to be without substantial merit. The judgment appealed is reversed and the cause remanded for further proceedings consistent with the views expressed herein.
CARROLL, DONALD K., J., concurs.
STURGIS, J., concurs in part, dissents in part.
STURGIS, Judge (concurring in part, dissenting in part).
I agree that it was the duty of the trial court, rather than the jury, to pass upon the sufficiency vel non of the notice introduced in evidence, and that the submission of that question to the jury constitutes reversible error. I disagree with the holding that it was error to submit to the jury the issue framed by the defense of equitable estoppel.
Insurance contracts are liberally construed in favor of the insured. As a corollary to that proposition, the acts of the insurer, even when performed in accordance with a literal interpretation of the contract, should conform to the spirit of the rule so as not to place the insured at a disadvantage. Under that concept, I suggest that the time is here and now to adopt the rule that unless the unearned premium is remitted to the insured within a reasonable period of time after notice of cancellation is given, the insurer will be estopped to defend against the rights of the insured on the ground that the contract was cancelled prior to accrual of liability. It is difficult for me to conceive that any unusual burden would result from making that remittance along with the notice of cancellation. Conversely, it does not seem reasonable that the insured should be placed in the position of an unwilling creditor, subject to the whim of the debtor as to when the debt will be paid, with no right other than to sue for the debt.
For the reasons stated I am of the opinion that upon the facts in this case the issue of equitable estoppel was properly submitted to the jury.
NOTES
[1] Service Fire Ins. Co. of New York v. Markey, Fla. 1955, 83 So.2d 855; Bradley v. Associates Discount Corp., Fla. 1952, 58 So.2d 857.
[2] Trinity Universal Ins. Co. v. Willrich, 1942, 13 Wash.2d 263, 124 P.2d 950, 142 A.L.R. 1.
[3] 16 A.L.R.2d 1204, § 5.
[4] Johnson v. New Amsterdam Casualty Co., D.C.N.D.Fla. 1958, 162 F. Supp. 582.
[5] 12 Fla.Jur., Estoppel and Waiver, § 30, pp. 405-406.
[6] 29 Am.Jur., Insurance, § 383; 6 Appleman, Insurance Law and Practice, § 4185, at p. 722 (1942).
[7] 53 Am.Jur., Trial, § 271; 22 Appleman, Insurance Law and Practice, § 12988, at p. 143.