RAWLS, Judge.
By this appeal Plaintiff Hunsucker seeks reversal of an adverse summary final judgment entered in favor of defendants Arrow Insurance and Marshall-Pittman Agency.
Appellant’s sole point on appeal questions the sufficiency of the notice of cancellation of an insurance policy issued by Arrow.
On June 17, 1968, Hunsucker was involved in an automobile accident and instituted this action to collect on the uninsured motorist provision of an insurance policy issued to him by Arrow on January 10, 1968. Arrow moved for a summary final judgment supported by an affidavit of the company’s general agent stating that on February 21, 1968, he mailed a cancellation to Hunsucker which stated:
“You are notified that your automobile policy, dated January 10, 1968, is hereby cancelled as of 12:01 A.M. standard time, the 14th day of March, 1968, from and after which date and hour the policy will be no longer in force. This action is occasioned by reason of:
COMPANY REQUEST.”
Appellant contends that the subject notice is inapplicable because Arrow did not comply with the provisions of Section 627.0852, Florida Statutes.[1]
*207 This Court held in Aetna Casualty and Surety Company v. Simpson [2] that cancellation of an insurance policy may be effectuated in accordance with the contract of insurance. Subsequent to that decision the cited statutory provisions pertaining to cancellation of insurance policies were enacted. It is well settled that such provisions become a part of the insurance contract and preempt any contrary provisions. So we reach the critical question: Did the purported cancellation by Arrow comply with the statutory provisions? We hold that it did not.
Insurance concerning the operation of automobiles, a species of chattel that has been termed a dangerous instrumentality by the Supreme Court of Florida, has increasingly been a subject matter of legislative concern. From a practical standpoint, an owner or operator must be financially responsible or insured in order to own or operate a motor vehicle.[3] The cited statutory provision directs the casualty insurance company when it elects to cancel a policy of insurance to do the following: (a) Give 20 days’ notice, (b) Give the reason for cancelling or in the alternative advise the insured in the notice of cancellation, that upon request by him not less than 10 days prior to' the effective date of cancellation, it will specify the reason for such cancellation, (c) Advise the insured in the notice of cancellation that he is permitted by law to appeal the cancellation. Thus, the legislative scheme is clearly designed to require that the insurance company adequately apprise the insured of his rights of recourse prior to the cancellation becoming effective. Arrow did not comply with the above statutory directives and the purported cancellation was ineffective. The words in the cancellation: “This action is occasioned by reason of: COMPANY REQUEST” do not in any manner comply with the statutory mandate. Such language simply tells the insured that the company desires to cancel without specifying the reason as directed by the statutory language.
Reversed and remanded for further proceedings not inconsistent with this opinion.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, J., concur.

. Subsection 627.0852(3) (a) provides:
“No notice of cancellation of a policy to which this section applies shall be effective unless mailed or delivered by the insurer to the named insured at least twenty (20) days prior to the effective date of cancellation, except that where cancellation is for nonpayment of premium, at least ten (10) days’ notice of cancellation accompanied by the reason therefor shall be given. Unless the reason or reasons accompany or are included in the notice of cancellation, the notice of cancellation shall state or be accompanied by a statement that upon written request of the named insured, mailed or delivered to the insurer not less than ten (10) days prior to the effective date of cancellation, the insurer will specify the reason or reasons for such cancellation.”
Subsection 627.0852(12) provides:
“The notice of cancellation as provided by this section shall contain the follow *207 ing words which are to be prominently displayed:
“ ‘You are permitted by law to appeal this cancellation. Appeal should be filed before the effective date of cancellation set forth in this notice. Forms for such appeal and the regulations pertaining thereto may be obtained from the offices of the Department of Insurance. Appeals must be accompanied by a deposit. You or this company may be charged with the costs of the appeal, depending on the outcome.’ ”

. Aetna Casualty & Surety Co. v. Simpson, 128 So.2d 420 (Fla.App. 1st 1961).

. Ch. 324, Florida Statutes, F.S.A. See also F.S. § 627.0851, F.S.A., which provides that every policy shall include uninsured motorist coverage unless rejected in writing by the policyholder.