DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MTGLQ INVESTORS, L.P.,**
Appellant,

v.

**BARBARA NINA DAVIS,**
Appellee.

No. 4D18-1618

[March 20, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; William L. Roby, Judge; L.T. Case No. 10000301CAAXMX.

Brian A. Wahl of Bradley Arant Boult Cummings LLP, Birmingham, Alabama, for appellant.

John J. Anastasio, Stuart, for appellee.

PER CURIAM.

MTGLQ Investors, L.P. ("the Bank") appeals a final judgment dismissing its foreclosure complaint, entered in favor of Barbara Nina Davis ("the Homeowner"). We agree with the Bank that the trial court erred in finding that it failed to substantially comply with conditions precedent to bringing a foreclosure suit. We reverse and remand for further proceedings.

The mortgage contract at issue requires notice of default before a foreclosure action may be brought[1] and further provides in paragraph 15

---

[1] Paragraph 20 provides in relevant part:

> Neither Borrower nor Lender may commence, join, or be joined to any judicial action . . . that arises from . . . this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. . . .

that "[a]ny notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means." The lender sent a default notice to the Homeowner in December 2009. The letter indicates that it was sent via certified mail with a return receipt requested. The corresponding return receipt indicates the letter was sent via first-class mail with return receipt requested and was returned to the lender as "unclaimed" and "unable to forward."

The Bank brought a complaint for foreclosure in February 2010. The Homeowner asserted in her responsive pleading that the Bank did not serve and she did not receive a presuit notice "that was either served by regular mail or actually received if delivered by other means, including but not limited to certified mail, certified mail return receipt requested . . . ."

At trial, the Bank admitted a copy of the default notice along with the postmark indicating "First-Class Mail" and the return receipt indicating that the letter was returned to the sender and unclaimed by the intended recipient. At the close of evidence, the Homeowner moved to dismiss the action for the Bank's failure to comply with presuit notice requirements. Specifically, she contended that the notice was sent by certified mail, not first class mail and therefore, the Bank had to prove actual delivery, which it did not. The Bank responded that certified mail is a type of first class mail, and that the evidence reflected the letter was designated first class mail.

The trial court stated that it did not believe certified mail was the same thing as first class mail, and it found that because the letter was returned as undelivered, the Bank did not establish compliance with the condition of presuit notice of default. The trial court dismissed the case.

We hold that the trial court erred in dismissing the case based on failure to satisfy the presuit notice requirement. The return receipt indicates on its face that the default notice was sent by first class mail. Thus, under paragraph 15 of the mortgage, the notice was "deemed to have been given to Borrower."

An opinion of the Ohio Court of Appeals contains similar facts and is

---

> The notice of acceleration and opportunity to cure given to Borrower pursuant to section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

2

instructive.  In *Ocwen Loan Servicing, LLC v. Malish*, 109 N.E.3d 659, 668 (Ohio Ct. App. 2018), the mortgage contract contained the same language that is contained in the subject mortgage's paragraph 15, relied on by the Homeowner.  The letter was sent via certified mail and was unclaimed.  *Id.* The court declined to find that the conditions precedent were not satisfied merely because the notice was sent via certified mail and reasoned:

> [T]he evidence here shows that certified mail *is* first-class mail.  The Malishes' tracking-information printout they submitted from the USPS website shows that certified mail is simply enhanced first-class mail.  Under the heading "Postal Product" is stated "First-Class Mail."  And beside this under the heading "Features" is stated "Certified Mail."  This indicates that certified mail is basically a service that can be added-on to first-class mail.  It stands to reason that a sender purchases this service if the sender wants to ensure that the first-class mail gets to the recipient.  Therefore, because Ocwen sent the notice of default to the Malishes by first-class mail, the notice must be "deemed to have been given" when it was sent on August 14, 2015.

*Id.* at 668-69; *see also Md. State Bd. of Nursing v. Sesay*, 121 A.3d 140, 144 n.3 (Md. Ct. Spec. App. 2015) ("Certified mail . . . is an extra service that a mail sender may, by paying extra, add to first-class mail."); *Ming Kuo Yang v. City of Wyoming*, 31 F. Supp. 3d 925, 932 n.6 (W.D. Mich. 2014), *aff'd, Ming Kuo Yang v. City of Wyoming*, 793 F.3d 599 (6th Cir. 2015) (noting that "[a]ccording to the United States Postal Service, certified mail is an extra service option that may be combined with first class or priority mail.  www.usps.com" and holding that "[t]here is nothing in the Ordinance [permitting notice by first class service] to suggest that combining first-class mail with the added certified mail service does not satisfy the Ordinance's requirement that notice be sent by first-class mail").

The Homeowner argues that the use of the word "deemed" in paragraph 15 is ambiguous.  But our courts have held that such language is not ambiguous.  In *Best Meridian Insurance Co. v. Tuaty*, 752 So. 2d 733, 735 (Fla. 3d DCA 2000), the court addressed a similar provision that stated, "All notices or reports . . . will be deemed delivered to the persons entitled to notices or reports when we mail them."  The Third District concluded:

> Under this type of notice provision, notice to the insured is deemed to be complete upon mailing, even if the insured does not actually receive the notice.  *See Service Fire Ins. Co. v.*

*Markey*, 83 So. 2d 855, 856 (Fla. 1955); *Bradley v. Assocs. Discount Corp.*, 58 So. 2d 857, 859 (Fla. 1952); *Burgos v. Independent Fire Ins. Co.*, 371 So. 2d 539, 541 (Fla. 3d DCA 1979); *Allstate Ins. Co. v. Dougherty*, 197 So. 2d 563, 566 (Fla. 3d DCA 1967); *Aetna Cas. & Sur. Co. v. Simpson*, 128 So. 2d 420, 424 (Fla. 1st DCA 1961).

> The insurer need only establish that the required notices were actually mailed. The insurer need not establish that the insured actually received the notice.

*Id.*

Because the evidence in the instant case showed that the default notice was mailed via first class mail and there is nothing in the mortgage to suggest that adding a return receipt defeats first class mail status, the default notice "shall be deemed to have been given to Borrower when mailed" pursuant to the terms of the mortgage. Accordingly, the trial court erred in dismissing the case based on its determination that the Bank failed to comply with conditions precedent to bringing suit.

*Reversed and remanded for further proceedings.*

GERBER, C.J., CIKLIN and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4