OWEN GAVIN GOLDSBY v. GULF LIFE INSURANCE Co.

158 So. 502.
Division A.
Opinion Filed January 7, 1935.

*Reese & Reese* for Appellant;

*Loftin, Stokes & Calkins, Robert H. Anderson,* and *Harold B. Wahl,* for Appellee.

Terrell, J.—The appellee executed a contract of insurance in favor of appellant containing the following provisions:

"Weekly benefits at the rate specified in the schedule will be paid each seven days (a) for each day that the insured is by reason of illness under the care of a physician and necessarily confined to bed, except where the insured is a male whose place of employment is away from his residence, confinement within the house and medical attention therein if preceded by at least one week's confinement to bed shall be sufficient."

The bill of complaint in this cause was filed March 8, 1932. It prays for an interpretation of the policy as here quoted and for an allowance of attorney's fees as provided by law. A decree *pro confesso* was entered against the defendant, a Special Master was appointed, testimony was taken, and on final hearing the equities were found to be in favor of the defendant and the bill of complaint was dismissed. The instant appeal is from the final decree.

The record discloses that the complainant was and had been for many years a local vegetable peddler, first by wagon and later by truck. While the contract of insurance referred to herein was in force he became afflicted with rheumatic iritis which gradually grew worse. He applied for weekly benefit under his policy which was allowed for ten or eleven weeks and was then discontinued, after which this suit was brought.

The record also discloses that complainant's eyesight got so bad his son, Roland Goldsby, had to become responsible for and drive his (complainant's) truck for him, that he is driving said truck to this date though the complainant, under the advice of his physician accompanies his son on the truck, keeps in touch with his customers, and directs the business.

The question we are called on to determine is whether or not under this state of facts the complainant can recover under his insurance contract as quoted.

The Chancellor found and decreed that under the allegations of the bill of complaint and the proof the complainant could not recover under his contract if he rode on the truck with his son but that his condition must be such as to require him to remain at home and be treated by his physician. It is contended here that this holding was erroneous because the complainant rode on his truck with his son on the advice of his physician.

The contract brought in question was one to indemnify against accident and illness. To recover under the provision quoted the insured must be ill so as to be confined to his bed under the care of a physician or he must be of the male sex whose place of employment is away from his residence and he must be there confined under medical attention and such confinement must have been preceded by at least one week's confinement in bed.

Both litigants admit the rule that in case of ambiguity an insurance contract is to be construed against the insurer and in favor of the insured but this rule does not apply when the language of the contract is clear and unambiguous. Aetna Insurance Co. v. Cartmel, 87 Fla. 195, 100 So. 802; Price v. Insurance Co., 98 Fla. 1044, 124 So. 817. When there is no room for doubt insurance contracts, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if clear and unambiguous these terms are to be taken and understood in their plain and ordinary sense. Imperial Fire Insurance Co. v. Coos Co., 151 U. S. 452, 14 Sup. Ct. 379, 38 L. Ed. 231.

The law recognizes degrees in health insurance, (1) Where the patient is confined to his bed, (2) Where he is confined to his house but not to his bed, and (3) Where he is not able to work but is not confined to his house. 29 C. J. 280, 14 R. C. L. 1318.

In our view under the clear terms of his contract confinement to his bed at home under medical attention or confinement to the house where his business is located under medical attention is a prerequisite to recovery and such a requirement is not complied with if the insured is going about his vocation, keeping in touch with his customers, and assisting in the direction of his business.

The judgment below is for this reason affirmed.

Affirmed.

DAVIS, C. J., and WHITFIELD, and BUFORD, J. J., concur.