76 So.2d 285 (1954)
Edward M. RIGEL, Appellant,
v.
NATIONAL CASUALTY COMPANY, a corporation, Appellee.
Supreme Court of Florida. Division B.
December 7, 1954.
Richard W. Rodgers, Miami, for appellant.
Knight, Smith & Underwood, Miami, for appellee.
THOMAS, Justice.
The chancellor dismissed the appellant's bill and this appeal followed.
From the allegations of the bill and the exhibit, we take the facts upon which the appellant relied to support not only a declaratory decree but a judgment for the amount claimed by him from the appellee under an insurance policy. The appellant held appellee's policy indemnifying him against expenses for hospital care and nursing services that might be incurred by reason of the illness of the appellant or any member of his family. Appellant's wife developed carcinoma of the left breast and the claim for her expenses was paid. Then the policy was cancelled. Later the insurance company revived the policy when the appellant signed a "special agreement" to be attached to the contract reading:
"To induce the National Casualty Company to issue (or if it be already issued then to continue) its policy of above number, notwithstanding the fact that I have heretofore suffered from Carcinoma of the left breast, I hereby agree to relieve the Company from any liability for any loss sustained by me from Carcinoma or any disease of the breasts and/or operation therefor and that no amount shall be payable *286 to me therefor * * *." (Italics supplied.)
More than two years later the appellant's wife was treated in the hospital for a primary carcinoma of the stomach or intestine, and underwent a surgical operation for relief from the disease. The appellee rejected the claims for the costs of hospitalization and operation during the second illness on the ground that the rider we have quoted relieved it from liability.
The appellant claimed that the rider, prepared by the appellee, was ambiguous; sought an interpretation holding the company liable, and a judgment for the amount found to be due.
The appellee moved to dismiss the bill on the grounds, among others, that the terms and provisions of the policy and rider were "plain and unambiguous" and that no claim was stated upon which relief could be granted.
The appellant presented his motion for a decree on the pleadings, consisting only of the bill and the motion to dismiss, and the chancellor then held that the language of policy and rider was clear "in the light of the facts alleged in the bill." Just what averments in the bill aided him to his conclusion is not clear because the rider itself disclosed the first experience of appellant's wife with carcinoma.
We will not pause to discuss the procedure the appellant followed in seeking a summary decree at this particular stage of the case, or to determine his point that the chancellor erred in deciding the primary issue at the very time that the appellant was asking for an adjudication. Certainly he could not seek a decision at that stage of the case and then complain that the adverse ruling was premature. In his motion for decree on the pleadings, the appellant, in effect, had asked the court to consider the motion to dismiss as an answer.
Without further comment on the procedure, we now decide the issue.
Once the chancellor concluded the question of ambiguity he decided that the agreement clearly expressed an intent of the parties that there would be no liability "for carcinoma, irrespective of what part of the body may be affected, as well as `any disease of the breasts.'" He, therefore, dismissed the bill and entered judgment for costs against the appellant.
The pivotal question is the meaning of that part of the quotation from the rider we have italicized. We think that the litigation should be expedited by our deciding whether the language is ambiguous and if so, what meaning it conveys without sending the cause back to the chancellor for determination of the second point, if we decide the first point in the affirmative.
We acknowledge the rules that if the language is plain and unambiguous, there is no occasion for the Court to construe it, Goldsby v. Gulf Life Ins. Co., 117 Fla. 889, 158 So. 502; that if uncertainty is present, the instrument should be construed against the insurer, Aetna Casualty & Surety Co. v. Cartmel, 87 Fla. 495, 100 So. 802, 35 A.L.R. 1013; that the Court should not extend strictness in construction to the point of adding a meaning to language that is clear, Bradley v. Associates Discount Corp., Fla., 58 So.2d 857; and that the Court should construe the contract of insurance to give effect to the intent of the parties, New England Mut. Life Ins. Co. v. Huckins, 127 Fla. 540, 173 So. 696.
The chancellor thought that the meaning of the policy and rider was plain and added what he thought was plainly meant. From our study of them, we fail to arrive at a conclusion about the ambiguity or unambiguity that coincides with his. The rider contains the recital that the insured had already suffered from carcinoma of the left breast and this recital seems to be the basis for relief from liability for further expense resulting from carcinoma or other disease of the breast; and it is reasonable to suppose that the company intended not *287 to undertake liability for any recurrence of the ailment. We cannot adopt the view that the condition was meant to apply to carcinoma in any part of the body. If such was the intent, it would have been quite simple to state it in unequivocal language. No comma appears in the phrase and there being none, we think the carcinoma or diseases of the breasts were the only ailments meant to be excepted from the provisions of the policy. The words "of the breasts," in our opinion, modify the words "Carcinoma or any disease."
We do not find the clarity for which appellee contends and failing in that, we resort to the rule of construction unfavorable to the insurer. In doing so we think we need not supply meaning, or do violence to ordinary construction of the words employed. On the contrary, we think we would violate the rules we have acknowledged and furnish punctuation or words in appellee's behalf, if we interpreted the condition as meaning that there would be no liability in event of carcinoma in any part of the body including the breasts, and any other disease of the breasts. That would be an awkward interpretation that we are not permitted or even inclined to indulge appellee.
This case is a classic example of the need for the rule that those contracts should be construed against the insurers. In an activity with which they are peculiarly adept, they should be able to express a simple condition, like the one here involved, in language that could not be misunderstood.
We conclude that the decree should be reversed with directions to proceed accordingly.
Reversed.
ROBERTS, C.J., and HOBSON and DREW, JJ., concur.