## DEWITT v. STATE FARM MUTUAL AUTOMOBILE INS. CO.
### No. 3461-AP.
Circuit Court, Duval County, Civil Appeal.

May 23, 1960.

Marion R. Shepard, Jacksonville, for appellant.

Lee & Tomlinson, Jacksonville, for appellee.

JOHN M. McNATT, Circuit Judge.

Appellant seeks reversal of a judgment entered in the small claims court, Duval County, on January 13, 1960, on the claim of the appellee for "dental care on Tommy Dewitt as result of accident Feb. 15, 1958."

The record reflects that the appellant (insurance company) had issued to the appellee, George H. Dewitt, its automobile policy in which appellant agreed —

"To pay reasonable expenses *incurred within one year from the date of accident* for necessary medical, surgical, *dental* * * * services * * * to or for each person who sustains bodily injury * * * while in or upon, entering into or alighting from * * * the automobile * * *."

On February 15, 1958, during the policy period, Tommy Dewitt, the son of the appellee, was injured under circumstances giving rise to a claim under the above quoted provision of the policy. Dental services were required and some of the work performed in February and March 1958, at a cost of $100, and the

bill therefor was paid by the appellant. Such work included "Temporary partial, replacing [of] 2 teeth," and additional dental services were contemplated at an estimated cost of $300. However, no additional dental work was performed until April 20, 1959, on which date the dentist made a further examination; and the dental work was completed on May 14, 15 and 18, 1959. For the services performed from April 20th through May 18th, 1959, the dentist submitted a bill for $300.

The question for decision is whether the additional $300 constitutes "expenses incurred within one year from the date of accident"?

The record fails to show that at the expiration of one year from the date of the accident the appellee had paid or that there was an existing obligation on the part of the appellee to pay the dentist all or any part of the $300. In this connection and in the absence of an agreement to pay in advance or at some specific time prior to the performance of the service, there would be no liability to the dentist until the dental work was performed. If the dentist never performed the services, no obligation to him would arise; and upon performance by the dentist, the obligation to pay for the services would not relate back to a date prior to the performance of the dental work.

Though there is little authority on the specific question involved, there is one decision to the effect that to be recoverable under the provision of a policy to pay medical expenses *"incurred within one year from the date of accident,"* the services must be performed or payment therefor made before the expiration of a year. Drobne v. Aetna Casualty & Surety Co. (Ohio App.), 115 N. E. 2d 589. And in another field it is held that "expenses are incurred only when there is an agreement or a legal obligation to pay them within the * * * year". Stern-Slegman-Prins Co. v. Commissioner (C.C.A.8), 79 Fed. 2d 289.

There was neither pleading nor proof of a waiver of the quoted provision of the policy, C. E. Carnes & Co. v. Employers Liability Assurance Corp. (C.C.A.5), 101 Fed. 2d 739; and no ambiguity therein has been made to appear. Consequently, it is to be "taken and understood" in its "plain and ordinary sense." Goldsby v. Gulf Life Ins. Co., 117 Fla. 889, 158 So. 502. So considering it, the evidence was insufficient to entitle the appellee to recover on his claim.

Therefore, it is ordered and adjudged that the judgment be and it is hereby reversed, and the cause is remanded for further proceedings according to law.