SHANNON, Judge.
The appellants, plaintiffs below, bring this appeal to review a final judgment in favor of Title & Trust Company, a Florida corporation, the defendant below and appel-lee here, wherein the plaintiffs’ second amended complaint was dismissed and judgment entered in an action upon a title policy.
In 1951 the plaintiffs purchased the property involved in Orange County, the defendant covering the same with a title in *736 surance policy in tlie face amount of $3,-600.00. The policy provides under paragraph 6, as follows:
“No claim for damages shall arise under this policy except under the several provisions, conditions and stipulations of the policy, and then only (1) Where there has been a final determination in a court of competent jurisdiction under which the insured, because of an adverse title insured against, may be dispossessed or evicted from the premises covered by this policy, or some part thereof, or some undivided share or interest therein, or (2) Where there has been a final determination adverse to the title, as insured, in such a court, upon a lien or encumbrance not excepted in this policy, or (3) Where the insurance is upon the interest of a mortgagee and the mortgage has been adjudged by a final determination in a court of competent jurisdiction to be invalid, of ineffectual to charge the premises described in this policy, or subject to prior lien or encumbrance not excepted in this policy, or (4) Where the insured shall have transferred the title insured by an instrument containing covenants in regard to title or warranty thereof, and there has been a final judgment rendered in a court of competent jurisdiction against the insured, or the executors or administrators of the insured, on any of such covenants or warranty, and because of some defect of title or encumbrance not excepted in this policy.”
In their second amended complaint the plaintiffs alleged that by the provisions of this policy, specifically paragraph 6, section 1, the appellee has contracted to protect them from any loss or damage which they might sustain should they be required to bring suit because of a defect in title; that is, if plaintiffs “may be dispossessed or evicted from the premises covered by this policy.” Plaintiffs further show that they were required to bring a suit to quiet title, in which suit they prevailed, and during which suit they were required to expend $3,600.00.
Plaintiffs take the position, therefore, that since they may have been dispossessed or evicted, and since the policy is, at best, ambiguous, this clause should be interpreted in their favor. But we are of the opinion that the policy is .very clearly not insurance against title defects, nor is it a policy insuring the merchantability of title. The foregoing clause from the policy very definitely limits the liability of the appel-lee to instances where there has been “ * * * a final determination in a court of competent jurisdiction under which the insured, * * * may be dispossessed or evicted from the premises covered by this policy, * * In other words, the policy by this limitation is confined to insurance as to possession by the insured, as opposed to insurance as to quantity, quality, or defects of title. And here, plaintiffs by their own allegations show that they prevailed below. Therefore, they are in no danger of being dispossessed, and cannot prevail herein.
The defendant, in taking the position that the language of paragraph 6, cited above, is so plain and unambiguous as to leave no room fo.r construction, cites the following cases in support of this contention: Palatine Ins. Co. v. Whitfield, 1917, 73 Fla. 716, 74 So. 869; Goldsby v. Gulf Life Ins. Co., 1935, 117 Fla. 889, 158 So. 502; Blumberg v. American Fire & Casualty Co., Fla.1951, 51 So.2d 182; and Bradley v. Associates Discount Corp., Fla.1952, 58 So.2d 857.
With the defendant’s contention we agree, and we hold that the trial court committed no error in its final judgment.
Affirmed.
SMITH, C. J., and FITS SELL, CARROLL W., Associate Judge, concur.