191 So.2d 476 (1966)
Bernard RAKOFF, Duly Appointed Guardian of Doris Rakoff, Appellant,
v.
WORLD INSURANCE COMPANY, a Nebraska Corporation, Doing Business in the State of Florida, Appellee.
No. 66-91.
District Court of Appeal of Florida. Third District.
October 25, 1966.
Rehearing Denied November 22, 1966.
*477 Richard W. Wasserman, Miami Beach, for appellant.
Blackwell, Walker & Gray and James E. Tribble, Miami, for appellee.
Before PEARSON, CARROLL and SWANN, JJ.
SWANN, Judge.
Appeal by Bernard Rakoff, guardian of Doris Rakoff, from a summary final judgment for defendant, World Insurance Company.
From the admitted facts, it appears that the defendant issued both a disability benefit policy and a hospitalization policy to Doris Rakoff. She was subsequently declared incompetent because of schizophrenic reaction and committed to the South Florida Hospital, where she is still confined. She is disoriented, incoherent, and a "complete, vegetating human being."
Her guardian's claims for benefits under the policies were denied on the grounds that the policies provided no coverage for sickness or disability resulting from or contributed to by insanity or mental disorders.
The guardian brought suit against the insurer for damages and suffered an adverse summary final judgment from which he now appeals. He contends that the incompetent, Doris Rakoff, was suffering from a condition which was physical, or organic in nature, as opposed to a mental disorder or insanity; and that this condition therefore was not excluded under the terms of the policy.
The word `insanity" is well known to be a legal and not a medical term. In re Pickles' Petition, Fla.App. 1965, 170 So.2d 603. Though the word may have several different connotations in various applications, we are dealing here with the construction of terms of an insurance contract and are governed, therefore, by the rules set forth in Rigel v. National Casualty Company, Fla. 1954, 76 So.2d 285:
* * * * * *
"We acknowledge the rules that if the language is plain and unambiguous, there is no occasion for the Court to construe it, Goldsby v. Gulf Life Ins. Co., 117 Fla. 889, 158 So. 502; that if uncertainty is present, the instrument should be construed against the insurer, Aetna Casualty & Surety Co. v. Cartmel, 87 Fla. 495, 100 So. 802, 35 A.L.R. 1013; that the Court should not extend strictness in construction to the point of adding a meaning to language that is clear, Bradley v. Associates Discount Corp., Fla., 58 So.2d 857; and that the Court should construe the contract of insurance to give effect to the intent of the parties, New England Mut. Life Ins. Co. v. Huckins, 127 Fla. 540, 173 So. 696."
* * * * * *
Applying these rules and having reviewed the evidence before the trial judge, we find that the exclusions in these policies are plain and unambiguous, and that there is no issue of genuine material fact to disprove that Doris Rakoff was suffering from "insanity" or a "mental disorder." All the evidence submitted shows some type of "mental disorder" which affected her brain, and the exclusionary provisions of the policy apply.
This opinion and decision is not to be construed to stand for the proposition that insanity or mental disorders resulting incidently or inevitably from a prior physical *478 infirmity, or disease, might not be covered under this type of insurance.
For the reasons stated, the judgment is hereby
Affirmed.