338 So.2d 223 (1976)
UNITED STATES FIRE INSURANCE COMPANY, Appellant,
v.
Victoria MOREJON et al., Appellees.
Charles "Bebe" REBOZO, Appellant,
v.
Victoria MOREJON et al., Appellees.
Nos. 75-1395, 75-1376.
District Court of Appeal of Florida, Third District.
August 17, 1976.
Rehearing Denied October 6, 1976.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, Podhurst, Orseck & Parks, Miami, for appellants.
High, Stack, Davis & Lazenby and Alan R. Dakan, Miami, for appellees.
Before HENDRY and NATHAN, JJ., and SACK, MARTIN, Associate Judge.
PER CURIAM.
These are consolidated appeals by Charles "Bebe" Rebozo and United States Fire Insurance *224 Company, defendants in the trial court, from adverse summary judgments in favor of the plaintiff, Victoria Morejon, United States Fire also appeals a summary judgment against it in favor of Rebozo.
On April 17, 1971, plaintiff Morejon was injured in a laundromat owned and operated by Washwell, Inc., which has since been dissolved. At the time of the injury, Rebozo was an officer, director and sole stockholder of Washwell and both Rebozo and Washwell were insured under a liability policy issued by Royal Indemnity with limits of $100,000. Morejon filed suit against Washwell prior to its dissolution, and recovered a judgment in the amount of $385,000. On appeal, this court ordered a remittitur to $150,000. Washwell, Inc. v. Morejon, 294 So.2d 30 (Fla.3d DCA 1974), cert. den. 310 So.2d 734 (Fla. 1975). Royal Indemnity paid the $100,000 limit of its liability, leaving $50,000 outstanding.
Morejon then brought the instant action, alleging that she had obtained a prior judgment against Washwell, and that Rebozo, as director, sole stockholder and holder of the proceeds from the dissolution of Washwell, was indebted to her. She further alleged that United States Fire was liable to her by reason of a one million dollar "Comprehensive Personal Catastrophe Liability Policy" which it issued to Rebozo as the sole named insured. The policy provides for United States Fire
"to pay on behalf of the insured the ultimate net loss in excess of the retained limit which the insured shall become legally obligated to pay as damages because of personal injury or property damage ..." (emphasis added)
Rebozo answered and counterclaimed against United States Fire alleging that the policy was applicable to the dissolved corporation as an excess policy.
Following extensive discovery, plaintiff Morejon moved for summary judgment against Rebozo and United States Fire, and Rebozo moved for summary judgment against United States Fire. The trial court granted summary final judgments in favor of Morejon against Rebozo and United States Fire Insurance Company, and in favor of Rebozo against United States Fire Insurance Company. The appeals therefrom were consolidated by this court.
We find no error in the trial court's entry of the judgment against Rebozo individually because after plaintiff's accident, but prior to the judgment against Rebozo, Rebozo liquidated Washwell and as sole stockholder, received all of the assets. Pursuant to Section 608.30, Florida Statutes (1975), Rebozo must maintain a sufficient amount of the dissolved corporation's assets in order to pay the claims of creditors. The properties of the corporation constitute a fund for the payment of the corporation's debts, and the surviving directors are charged with managing such fund for the interest of the creditors. See Guaranty Trust and Savings Bank v. United States Trust Company, 89 Fla. 324, 103 So. 620 (1925); Kyle v. Stewart, 360 F.2d 753 (5th Cir.1966). The judgment against Rebozo is affirmed.
We consider the primary issue on appeal to be whether the judgment against Rebozo is within the scope of coverage of the United States Fire Insurance Company policy. Rebozo contends that the United States Fire policy which provides coverage for Rebozo for claims arising out of "personal injury," includes a judgment in a personal injury action such as that obtained by plaintiff Morejon in the initial action. United States Fire Insurance Company contends that the judgment against Rebozo is in the nature of the collection of a corporate debt and does not directly stem from "personal injury" as covered by the policy. We agree with the latter contention and reverse. The United States Fire Comprehensive Personal Catastrophe Liability Policy by its terms insured only Rebozo. The terms of the policy are clear, unequivocal and unambiguous. It is a personal catastrophe policy. It insures the liability of no corporate entity. Neither Washwell nor any entity other than Rebozo is mentioned in the contract of insurance, directly or indirectly.
*225 A court may resort to construction of a contract of insurance only when the language of the policy in its ordinary meaning is indefinite, ambiguous or equivocal. If the language employed in the policy is clear and unambiguous, there is no occasion for construction or the exercise of a choice of interpretations. In the absence of ambiguity, waiver or estoppel, contravention of public policy or positive law, it is the function of the court to give effect to and enforce the contract as it is written. These general rules are set forth in Rigel v. National Casualty Company, 76 So.2d 285 (Fla. 1954), wherein it is stated at 286, that,
"We acknowledge the rules that if the language is plain and unambiguous, there is no occasion for the Court to construe it ...; that if uncertainty is present, the instrument should be construed against the insurer ...; that the Court should not extend strictness in construction to the point of adding a meaning to language that is clear ...; and that the Court should construe the contract of insurance to give effect to the intent of the parties... ." (citations omitted)
Accord: Oren v. General Accident Fire and Life Assurance Corporation, 175 So.2d 581 (Fla. 3d DCA 1965); Rakoff v. World Insurance Company, 191 So.2d 476 (Fla. 3d DCA 1966); Winter Garden Ornamental Nursery, Inc. v. Cappleman, 201 So.2d 479 (Fla. 4th DCA 1967).
Florida courts adhere to the principle that a court should not rewrite a contract of insurance extending the coverage afforded beyond that plainly set forth in the insurance contract. See for example, Aetna Casualty & Surety Company v. Cartmel, 87 Fla. 495, 100 So. 802, 35 A.L.R. 1013 (1924); Goldsby v. Gulf Life Insurance Company, 117 Fla. 889, 158 So. 502 (1935).
There is no basis in law or in fact for the court to rewrite the contract of the parties or to extend the coverage of the personal catastrophe liability policy issued to Rebozo to the judgment against a non-insured corporate entity, Washwell, Inc.
Affirmed in part and reversed in part.