**VENCOR HOSPITALS SOUTH, INC. d/b/a Vencor Hospital—Ft. Lauderdale, Plaintiff,**

v.

**BLUE CROSS BLUE SHIELD OF RHODE ISLAND, Defendant.**

No. 94–6881–CIV.

United States District Court, S.D. Florida.

May 30, 1996.

Richard Benjamin Wilkes, Gardner, Wilkes, Shaheen & Candelora, Tampa, FL, for plaintiff.

John E. Bulman, Christopher H. Little & Associates, P.A., Providence, RI, Eric Christu, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., West Palm Beach, FL, Vivan Cocotas and Lawrence Watson, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Orlando, FL, for defendant.

## AMENDED ORDER

GONZALEZ, District Judge.

**THIS CAUSE** has come before the Court pursuant to Rule 16(c)(5), Federal Rules of Civil Procedure, concerning the appropriateness and timing of summary adjudication under Rule 56. Pursuant to Rule 56, Federal Rules of Civil Procedure, the Court hereby disposes of pending cross-motions for summary judgment.

The parties, pursuant to Rule 16 of the Federal Rules of Civil Procedure and Rule 16.1(E) of the Local Rules for the Southern District of Florida, have filed their pre-trial stipulation listing the following issues which remain:

a. Whether Vencor may proceed against BCBS as an assignee?;

b. Whether BCBS is precluded from raising any defenses by virtue of waiver or promissory estoppel?;

c. Whether there has been an accord and satisfaction of the claims against BCBS?;

d. Whether the substantive law of Rhode Island or Florida apply to any of the issues raised in this matter?;

e. Whether Vencor is a third party beneficiary under the Policy?;

f. Whether Vencor is subrogated to the insureds' rights under the Policy?;

g. What is the proper amount payable by BCBS under the terms of its contract with its insureds?

The Court hereby disposes of and answers the questions that remain as follows:

a. Vencor may proceed against BCBS as an assignee;

b. BCBS is not precluded from raising any defenses by virtue of waiver or promissory estoppel;

c. There has not been an accord and satisfaction of the claims against BCBS;

d. The Court notes that both parties agree that there are no material differences between pertinent Rhode Island and Florida precedent and finds that the substantive law of Florida will be applied to the issues raised in this matter.

e. Vencor is a third party beneficiary under the Policy;

f. Vencor is subrogated to the insureds' rights under the Policy;

g. The Court deems the issue of the proper amount payable by BCBS under the terms of its contract with its insureds to be the real issue before the court and finds that as to that question there is no genuine issue of material fact and that Defendant is entitled to judgment as a matter of law.

The Court finds that BCBS under the terms of its contract with its insureds shall cover up to ninety percent (90%) of Medicare Eligible Expenses which are defined to be

those "expenses which Medicare has determined to be reasonable."

The language of the contract is clear and unambiguous.

*Section 3.1 MEDICARE PROGRAM. Lifetime Reserve* reads as follows:

If you are hospitalized more than ninety (90) days, we will pay the Copayment required by Medicare for Medicare Eligible Expenses relating to inpatient hospital expenses for sixty (60) additional days of hospitalization ONCE in your lifetime.

Upon exhaustion of all Medicare hospital inpatient coverage including the above lifetime reserve days, we will cover up to ninety percent (90%) of all Medicare Part A Eligible Expenses for hospitalization not covered by Medicare subject to a lifetime maximum benefit of an additional 365 days.

Medicare Eligible Expenses are defined as follows:

MEDICARE ELIGIBLE EXPENSES means the health care expenses covered under Medicare which Medicare has determined are reasonable and medically necessary.

Construing these two sections together the Court finds that BCBS is obligated to pay and Plaintiff is entitled to recover ninety percent (90%) of all the health care expenses which Medicare Part A *would have covered* prior to the exhaustion of all Medicare hospital inpatient coverage subject to a lifetime maximum benefit of 365 additional days.

In other words, once all Medicare hospital inpatient coverage is exhausted, BCBS will pay ninety percent (90%) of the health care expenses which had been covered, or would have been covered prior to exhaustion.

If Medicare Part A paid or would have paid $100.00 prior to inpatient coverage exhaustion, BCBS would thereafter be obligated to pay $90.00 subject to the maximum lifetime benefit.

It follows, therefore, that BCBS is not obligated to pay Vencor's regular daily charges for hospitalization, but only ninety percent (90%) of the charges that Medicare Part A would have paid had its coverage not been exhausted.

Vencor maintains that it has the unlimited and unbridled right to set its charges and that BCBS must pay those charges regardless of the amount.

This argument requires no further discussion.

Having reviewed the pending motions and the record, and being otherwise duly advised, it is hereby:

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Final Summary Judgment, filed December 1, 1995, is **DENIED** as to the amount in controversy and **GRANTED** as to BCBS's defense of accord and satisfaction. It is further hereby:

**ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment, filed December 1, 1995, is **GRANTED** in part and **DENIED** in part as follows:

1. Judgment in BCBS's favor on Count I and II of Plaintiff's consolidated complaints based on lack of standing of this Plaintiff is **DENIED**;

2. Judgment in BCBS's favor on Count II of the consolidated complaints on the grounds that this Plaintiff has no subrogation rights, legal or conventional, in light of undisputed facts is **DENIED**;

3. Judgment in BCBS's favor on Count I of the consolidated complaints, regardless of standing, based on the application of unambiguous contract terms is **GRANTED**;

4. Judgment in BCBS's favor on Count III of the consolidated complaints on the grounds that the undisputed facts show no actual or reasonable reliance in support of Plaintiff's promissory estoppel claims is **DENIED.**

5. Judgment in BCBS's favor on all claims derived from Aniello Esposito on the ground that no assignment was executed by Esposito in favor of this Plaintiff and there could be no reliance in fact in support of the promissory estoppel claims is **DENIED.** It is further hereby:

**ORDERED AND ADJUDGED** that Summary Judgment having been granted as to all issues before the Court, this case is stricken from the trial calendar. The Defendant is

hereby ordered to submit an appropriate form of Final Judgment for entry in this case within ten (10) days from the date of this order.

**DONE AND ORDERED.**