[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 26, 2002
THOMAS K. KAHN
CLERK

No. 01-15848
Non-Argument Calendar

D. C. Docket No. 94-06881-CV-JAG

VENCOR HOSPITALS,
d.b.a. Vencor Hospital,

Plaintiff-Appellant,

versus

BLUE CROSS BLUE SHIELD OF RHODE ISLAND,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Florida

**(February 26, 2002)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

In <u>Vencor Hospitals v. Blue Cross Blue Shield</u>, 169 F.3d 677 (11th Cir.

1999), we vacated the district court's judgment and remanded the case (which involves two consolidated law suits) for further proceedings. We held that an issue of fact existed as to whether Vencor was entitled to payment based on its ordinary charges. Because we were uncertain as to precisely what documents constituted the two contracts of insurance Blue Cross issued (to Butler and Esposito) – that is, whether state law required that an Outline of Coverage and a promotional brochure are part of the contracts – we remanded the case and instructed the district to make that determination. We also instructed the court to consider Blue Cross' affirmative defense of accord and satisfaction – i.e., whether Vencor's acceptance of Blue Cross' check for $37,535.45 constituted a settlement of Vencor's claim under the Esposito insurance contract – and Vencor's alternative claim against Blue Cross under the promissory estoppel theory of recovery.

In a comprehensive order dated March 6, 2000, which appears in the Appendix, the district court carried out our instructions and resolved the remanded issues in favor of Blue Cross. Vencor now appeals. In its brief, Vencor challenges the district court's determination (1) that the Outline of Coverage and the promotional brochure are not part of the insurance contracts; (2) that, according to the terms of the contracts, the term "Medical Eligible Expenses" refers to costs as well as types of treatment is unambiguous so that Vencor is entitled to

2

reimbursement for ninety percent of what Medicare would have paid; and (3) that Vencor failed as a matter of law to establish (for summary judgment purposes) its claims of promissory estoppel.[1]  In its response brief, Blue Cross urges that we affirm the district court's determinations.  In the event we hold that the insurance contracts are ambiguous as to benefits in excess of Medicare eligible expenses, as Vencor contends, or that Vencor's promissory estoppel claims have merit, Blue Cross asks that we address an issue the district court did not address: whether "Vencor is forbidden from balance billing Medigap insureds after their Part benefits exhaust."

For the reasons stated by the district court in its March 6, 2000 order, we find no merit in Vencor's claims, and therefore affirm the court's judgment.  In doing so, we, like the district court, do not address the "balance billing" issue.  Balance billing is an issue to be resolved, either amicably or in litigation, between Vencor and the respective insureds.[2]

---

[1]  The court found meritless the promissory estoppel claims stated in Count III of Vencors' two complaints and the promissory estoppel claims Vencor presented to the district court following our remand.  Those claims were based on promises Blue Cross allegedly made to the insureds, Butler and Esposito.

[2]  We also do not resolve the question whether the law of Florida or Rhode Island, where Butler and Esposito resided and the insurance contracts were made, governs the construction of the insurance contracts.  As the district court correctly observed, the relevant laws of Florida and Rhode Island are essentially identical.

AFFIRMED.