[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 06-13685
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 18, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-61320-CV-PAS

WEST INDIES NETWORK - I, LLC,

                                        Plaintiff-Appellant,

                        versus

NORTEL NETWORKS, (CALA) INC.,
RICHARD A. NIXON,
RAYMOND C. BULENGO,

                                        Defendants-Appellees.

--------------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

--------------------------------------------------------------------

**(June 18, 2007)**

Before EDMONDSON, Chief Judge, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant West Indies Network-I, LLC ("West Indies") appeals the

grant of summary judgment in favor of Defendants-Appellees Nortel Networks

(CALA), Inc. and two of its employees (collectively "Nortel") on all of West Indies's claims. No reversible error has been shown; we affirm.

West Indies brought suit against Nortel claiming that Nortel failed to perform its oral commitment to obtain equity financing for West Indies to construct and to operate an advanced submarine fiber optic cable telecommunications network connecting Eastern Carribean island countries. West Indies claims that as a consequence of this failure, West Indies lost its ability to proceed with the construction and operation of the network; it alleged claims for breach of oral contract, breach of fiduciary duty and promissory estoppel.[1]

In an exhaustive opinion, the district court concluded, as a matter of law, that (i) West Indies failed to show that an oral contract existed under which Nortel was obligated to guarantee the availability of the equity funding that West Indies needed; (ii) no fiduciary relationship had been shown to exist between West Indies and Nortel, each of whom operated at arms-length in its own business interests; and (iii) because no definite and certain promise had been shown to support justified and reasonable reliance, no promissory estoppel could apply.

West Indies concedes that the district court dismissed correctly its Count One breach of contract claim: no jury could find an enforceable contract between

---

[1] Additional claims were asserted but are not being pursued on appeal.

West Indies and Nortel under which Nortel was obligated to guarantee financing for West Indies's venture. West Indies argues on appeal that the district court erred in its dismissal of its Count Two breach of duty of good faith and fair dealing claim. West Indies now asserts that Count Two alleged a separate and distinct contractual agreement under which Nortel agreed to make a good faith effort to use its contacts and resources to procure investors for West Indies in exchange for West Indies using Nortel as its equipment supplier. But Counts One and Two of the complaint each identifies the contract breached as the "oral contract under which Nortel committed to obtain all necessary equity capital financing" required by West Indies; the two counts alleged separate *breaches* of the same contract.

During oral argument on the motion for summary judgment, the district court called to West Indies's attention that no claim for breach of the duty of good faith exists under Florida law independently of an enforceable contract. As this Court has observed, "[t]he good faith requirement does not exist 'in the air.' Rather, it attaches only to the performance of a specific contractual obligation." Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc, 162 F.3d 1290, 1314 (11th Cir. 1998, citing Hospital Corp. of Am. v. Florida Med. Ctr., Inc., 710 So.2d 573, 575 (Fla. 4th DCA 1998). After this hearing, West Indies acknowledged in a

filing entitled Status of Pending Claims that the breaches alleged in Counts One and Two could be merged into a single count.

Because no enforceable agreement was stated in Count One -- as West Indies concedes -- and a duty to perform in good faith attaches only to the express terms of an enforceable contract, West Indies seeks to recast Count Two to assert a separate and distinct enforceable obligation by Nortel to use its best efforts to secure financing. The district court made no specific mention of this "best efforts" contract because it represents a creative reconstruction of the claim advanced in the complaint. We do not accept that Count Two set out a separate contract; and, in any event, as a matter of law, no such contract reasonably may be inferred on this record.

West Indies contends the district court erred when it concluded as a matter of law that no fiduciary relationship had been shown between West Indies and Nortel. West Indies predicated the existence of a fiduciary relationship on its claimed "partnership" with Nortel. West Indies now concedes that no partnership existed in the legal sense; it argues that sufficient indicia of a confidential relationship existed to support imposition of a fiduciary obligation. The district court concluded that the record supported no such obligation; we agree.

We accept -- as did the district court -- that a fiduciary relationship may be implied in law based on the specific facts and circumstances surrounding the parties relationship and the transaction in which they are involved.  See Doe v. Evans, 814 So.2d 370, 374 (Fla. 2002).  "'If a relation of trust and confidence exists between the parties (that is to say, where confidence is reposed by one party and a trust accepted by the other, or where confidence has been acquired and abused), that is sufficient as a predicate for relief.'"  Id. quoting Quinn v. Phipps, 113 So. 419, 421 (1927).  But the record allows the imposition of no implied-in-law fiduciary obligations: West Indies failed to proffer sufficient indicia of trust and confidence reposed in Nortel.  Instead, the record shows an arms-length relationship between West Indies and Nortel with each acting to further its own business interests.  Parties dealing at arm's length owe no duty to protect or benefit the other.  See Taylor Woodrwo Homes Inc. v. 4/46-A Corp., 850 So.2d 536, 541 (Fla. 5th DCA 2003) ("When the parties are dealing at arm's length, a fiduciary relationship does not exist because there is no duty imposed on either party to protect or benefit the other.").

West Indies also claims error in the rejection of its promissory estoppel claim. The district court stated correctly the elements required to establish promissory estoppel liability: (1) a promise made by the promisor; (2) which the

promisor should reasonably expect to induce action or forbearance on the part of the promisee; (3) that in fact induced such action or forbearance; and that (4) injustice can be avoided only by enforcing the promise. See W.R. Grace & Co. v. Geodata Services Inc., 547 So.2d 919, 924 (Fla. 1989) (applying Restatement (Second) of Contracts § 90 (1979)). Promissory estoppel has no application unless the evidence is clear and convincing, see id. at 925, and the terms of the promise are definite. See Vencor Hospitals v. Blue Cross Blue Shield of Rhode Island, 284 F.3d 1174, 1185 (11th Cir. 2002). The district court concluded that the promise West Indies sought to enforce -- Nortel's alleged commitment to secure equity financing -- was too indefinite and uncertain to support promissory estoppel.

West Indies now contends that even if Nortel was under no contractual obligation to secure equity financing and, further, even if Nortel was under no contractual obligation to use its best efforts to secure such financing, Nortel's promises to introduce West Indies to potential investors should nonetheless be enforced to avoid injustice. The promissory estoppel count in the complaint alleges that Nortel "repeatedly promised and committed to obtain all necessary equity capital financing;" neither the promissory estoppel count in the complaint nor West Indies's submission in opposition to Nortel's summary judgment motion references the more limited good faith efforts promissory estoppel claim West

6

Indies seeks to advance on appeal. The district court dismissed the promissory estoppel count pleaded in the complaint; no clear and convincing evidence justified application of promissory estoppel. Even if we were to consider West Indies's newly crafted claim, West Indies failed, as a matter of law, to proffer sufficient evidence to show clearly and convincingly that Nortel's statements constituted definite promises that reasonably induced reliance on the part of West Indies such that promissory estoppel was required to avoid injustice. See id.

**AFFIRMED.**