[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13403
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 10, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-22561-CV-JAL

LILY SWAEBE,

Plaintiff-Appellant,

versus

FEDERAL INSURANCE COMPANY,
a foreign insurer,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 10, 2010)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Lily Swaebe appeals from the district court's final order, entering final

judgment in favor of Federal Insurance Company ("Federal"), in Swaebe's lawsuit

seeking recovery under an insurance policy covering jewelry that disappeared from her possession. On appeal, Swaebe argues that the district court erred in granting summary judgment to Federal because: (1) there are genuine issues of material fact as to whether Swaebe breached the policy condition requiring her to submit a signed proof of loss; (2) the issue of materiality of Swaebe's cooperation is a question of fact to be determined by the jury; and (3) Federal waived the defense of failure to submit a signed proof of loss. After thorough review, we affirm.

We review an order granting summary judgment de novo, viewing all of the facts in the record in the light most favorable to the non-movant. Brooks v. County Comm'n of Jefferson County, Ala., 446 F.3d 1160, 1161-62 (11th Cir. 2006). Summary judgment is appropriate where the movant demonstrates, through pleadings, interrogatories, and admissions on file, together with the affidavits, if any, that no issue of material fact exists, and they are "entitled to judgment as a matter of law." Fed. R. Civ. P 56(c). "A party moving for summary judgment has the burden of showing that there is no genuine issue of fact." Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990) (quotation omitted). "A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of [its] pleadings, but must set forth specific facts showing that there is a genuine issue for trial." Id. (quotation and brackets omitted). "All

evidence and reasonable factual inferences therefrom must be viewed against the party seeking summary judgment." Id. Speculation or conjecture from a party cannot create a genuine issue of material fact. Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1181 (11th Cir. 2005). "A mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment." Young v. City of Palm Bay, 358 F.3d 859, 860 (11th Cir. 2004).

In construing insurance policies, the Florida Supreme Court has said:

> When there is no room for doubt, insurance contracts, like other contracts are to be construed according to the sense and meaning of the terms which the parties have used, and, if clear and unambiguous, these terms are to be taken and understood in their plain and ordinary sense.

Goldsby v. Gulf Life Ins. Co., 117 Fla. 889, 891 (Fla. 1935); see also Key v. Allstate Ins. Co., 90 F.3d 1546, 1549 (11th Cir. 1996). So while it is true that in the case of ambiguity in an insurance contract the ambiguity is to be construed against the insurer and in favor of the insured, this rule does not apply when the language of the contract is clear and unambiguous. Goldsby, 117 Fla. at 891.

The policy at issue contains the following pertinent provisions:

**Property Conditions**

* * *

**Your duties after a loss**

3

If you have a loss this policy may cover, you must perform these duties:

* * *

**Proof of loss.** At our request you must submit to us your signed sworn proof of loss on a form we have sent to you.

* * *

**Examination under oath.** We have the right to examine under oath as often as we may reasonably require you, family members and other members of your household and have them subscribe the same. We may also ask you to give us a signed description of the circumstances surrounding a loss and your interest in it, and to produce all records and documents we request and permit us to make copies.

* * *

**Special Conditions**

* * *

**Legal action against us.** You agree not to bring legal action against us unless you have first complied with all conditions of this policy. You also agree to bring any action against us within five years after a loss occurs, but not until 30 days after proof of loss has been filed and the amount of loss has been determined.

Swaebe seeks coverage under the policy for jewelry insured by Federal that Swaebe discovered was missing on October 30, 2007. After Swaebe filed a claim under the policy for the missing jewelry, Federal twice requested in late 2007 that Swaebe submit a signed sworn proof of loss, but Swaebe failed to do so. On October 14, 2008, Federal denied Swaebe's claim due to her failure to file a sworn

proof of loss. Swaebe eventually submitted a sworn proof of loss on December 16, 2008, three months after she had filed the instant lawsuit and two months after Federal had denied her claim.

Based on this record, Federal moved for summary judgment in the lawsuit, arguing that Swaebe breached a condition precedent to filing suit under the policy by failing to submit a signed sworn proof of loss when it was requested, and breached the policy's "no action" provision by filing the lawsuit before filing a proof of loss. On these grounds, the district court ultimately granted summary judgment, and entered final judgment, in favor of Federal. This appeal follows.

We agree with Federal, and the district court, that Swaebe has failed to show that genuine issues of material fact exist as to whether she breached the policy. The policy provides that "[i]f you have a loss this policy may cover, you must perform these duties . . . . At our request you must submit to us your signed sworn proof of loss on a form we have sent to you." It further defines "you" as the insured. The policy thus unambiguously required Swaebe to submit a signed sworn proof of loss.[1] In addition, Swaebe's failure to submit her proof of loss prior

_____

[1] Swaebe's argument that the policy is ambiguous as to who was required to submit the signed sworn proof of loss falls flat. The language of the provision clearly requires Swaebe, as the insured, to complete the proof of loss on a form that Federal sent to her. Nothing in the provision's language suggests that Federal would supply any information or complete the form; rather, it says that Federal would send the form to the insured, and that the insured would submit the proof of loss on the form. Because the information regarding the proof of loss necessarily is held by the insured, this reading makes sense. Indeed, "the purpose of a proof of loss is . . . to

5

to filing suit breached the policy's "no action" provision, which provides that "[y]ou agree not to bring legal action against us unless you have first complied with all conditions of this policy. You also agree to bring any action against us within five years after a loss occurs, but not until 30 days after proof of loss has been filed and the amount of loss has been determined." The undisputed record shows that Swaebe filed this lawsuit prior to complying with the provisions of her policy and before any proof of loss had been filed. Swaebe thus breached the policy's "no action" provision -- and because it is a condition precedent to recovery, under Florida law, Swaebe committed a material breach barring recovery. See Starling v. Allstate Floridian Ins. Co., 956 So. 2d 511, 513-14 (Fla. Dist. Ct. App. 2007) (holding that a material breach of an insured's duty to comply with a policy's condition precedent -- there, that an insured submit a sworn proof of loss within 60 days of the loss -- relieves the insurer of its obligations under the contract).[2]

_____

advise the insurer of facts surrounding the loss for which claim is being made, and to afford the insurer an adequate opportunity to investigate, to prevent fraud and imposition upon it, and to form an intelligent estimate of its rights and liabilities before it is obliged to pay." 13 Couch on Ins. § 186:22 (3d ed. 2009) (footnote omitted; emphases added). Thus, as Couch notes, "[t]he form generally requires that the insured supply specific information which will facilitate the insurer's assessment of the loss." Id. (emphasis added).

[2] Swaebe's attempt to distinguish Starling fails. While the Starling policy required the insured to submit a proof of loss within 60 days of the loss and Federal's required Swaebe to submit a proof of loss 30 days prior to suit, both policies equally contained a deadline for the proof of loss.

We also cannot agree with Swaebe that whether she materially breached the policy is a jury question. Swaebe relies on Haiman v. Federal Insurance Co., 798 So.2d 811, 812 (Fla. Dist. Ct. App. 2001), where an insurer had disputed whether an insured had produced certain documents the insurer had requested pursuant to a policy's "examination under oath" provision, which required the insured to "produce all records we required." The court held that because the insured had appeared for a examination under oath and produced volumes of documents, the insured's alleged breach of the policy provision may not have been material enough to bar recovery since "the insured cooperate[d] to some degree or provide[d] an explanation for its noncompliance." Id. (quotation omitted). Haiman derived this principle from Diamonds & Denims, Inc. v. First of Ga. Ins. Co., 417 S.E.2d 440, 442 (Ga. App. 1992), where an insured failed to produce information required under the policy because "its books and records were destroyed in [a] fire." Even in that case, however, the court "recognize[d] that in such circumstances the insured is nonetheless obligated to cooperate with the insurer to obtain or reconstruct the information needed from other available sources." Id.

7

Here, assuming arguendo that the materiality standard in Haiman applies to this federal case,[3] it does not help Swaebe's argument on appeal. As we have discussed, Swaebe breached the policy's "no action" provision by failing to submit a signed sworn proof of loss prior to filing suit. Her two telephone statements, examination under oath, document production, and post-suit proof of loss do not in any way establish cooperation with the policy's "no action" provision. Nor does her refusal to submit the proof of loss based on her unsubstantiated belief that Federal should have completed the form constitute the kind of explanation contemplated by the courts -- like the unintentional destruction of requested documents -- that would excuse her noncompliance with the policy's provision. Swaebe has thus failed to raise any jury question regarding whether she "cooperate[d] to some degree or provide[d] an explanation for [her] noncompliance." Haiman, 798 So.2d at 812 (quotation omitted).

Finally, as for Swaebe's argument -- raised for the first time on appeal -- that Federal waived its proof-of-loss defense by failing to timely respond to the claim and by eventually denying the claim on other grounds, we decline to address it.

---

[3] See Laine v. Allstate Ins. Co., 355 F.Supp.2d 1303, 1307 (N.D. Fla. 2005) ("[T]o the extent Haiman . . . could be read as authority for the proposition that all issues concerning the sufficiency of an insured's compliance with policy provisions of this type must be submitted to a jury, they are entitled to no weight in this federal court, where the governing summary judgment standards are those set forth in Federal Rule of Civil Procedure 56.")

8

"As a general rule, an appellate court will not consider a legal issue or theory raised for the first time on appeal." <u>Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A.</u>, 377 F.3d 1164, 1169 (11th Cir. 2004) (quotation omitted).

Because Swaebe has failed to raise any genuine issues of material fact, the district court did not err in denying coverage to Swaebe and granting summary judgment to Federal. We therefore affirm the decision of the district court.

**AFFIRMED.**