**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 1 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JACQUELINE KELLER; PHILLIP YANEY, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> FEDERAL INSURANCE COMPANY, a corporation; et al., <br><br> Defendants-Appellees. | No.   17-55323 <br><br> D.C. No. 2:16-cv-03946-GW-PJW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted March 6, 2019
Pasadena, California

Before:  KLEINFELD, GILMAN,[**] and NGUYEN, Circuit Judges.

In this insurance-coverage case, Jacqueline Keller and Phillip Yaney seek to

recover under a homeowner's insurance policy issued by Federal Insurance

Company (Federal).  A backup of water and sewage in the downstairs bathroom

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

flooded portions of Keller and Yaney's Beverly Hills home and damaged parts of their newly installed hardwood flooring. At issue in this appeal is whether a clause in the policy that provides for a one-year suit-limitation period prevents them from recovering under the policy.

The policy has a Legal Action Against Us (LAAU) clause, which reads as follows:

> You agree not to bring legal action against us unless you have first complied with all conditions of this policy. For property, you also agree to bring any action against us within one year after a loss occurs, but not until 30 days after proof of loss has been submitted to us and the amount of loss has been determined.

Around November or December 2012, Keller and Yaney noticed "warping" or "cupping" in portions of their newly installed hardwood floors as a result of the flooding. By June or July 2013, they determined that the cupping was not subsiding and that it would not be resolved on its own. Keller and Yaney finally notified Federal of the sewage backup and damage to their floors on September 15, 2014. After Federal denied coverage, Keller and Yaney filed their complaint on December 10, 2015.

This court reviews de novo a district court's decision granting summary judgment. *Rocky Mountain Farmers Union v. Corey*, 730 F.3d 1070, 1086 (9th Cir. 2013). We also review de novo a district court's interpretation of an insurance contract and its conclusions that judicial estoppel and collateral estoppel

17-55323

are inapplicable as a matter of law. *Stanford Ranch, Inc. v. Md. Cas. Co.*, 89 F.3d 618, 624 (9th Cir. 1996) (interpretation of a contract); *Tritchler v. County of Lake*, 358 F.3d 1150, 1154 (9th Cir. 2004) (judicial estoppel); *Dias v. Elique*, 436 F.3d 1125, 1128 (9th Cir. 2006) (collateral estoppel). Finally, we review the district court's decision not to apply equitable estoppel under the abuse-of-discretion standard. *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1109 (9th Cir. 2006) (per curiam).

We conclude that the LAAU clause establishes both conditions precedent *and* establishes a one-year suit-limitation period that begins "after a loss occurs." The conditions precedent and the suit-limitation period are distinct elements of the clause, and each must be given effect. Kelley and Yaney's interpretation of the clause—that it does not create a suit-limitation period at all or, in the alternative, that the suit-limitation period is triggered only after a claim is filed and Federal makes its final determination regarding the amount of the insured's claim—is inconsistent with the clear language that the suit-limitation period begins "after a loss occurs." Their reading is also inconsistent with the purpose of the suit-limitation period, which is to preclude stale claims, require the insured's diligence, and prevent fraud. *See State Farm Fire & Cas. Co. v. Superior Court*, 258 Cal. Rptr. 413, 418 (Ct. App. 1989); *see also Prudential-LMI Commercial Ins. v. Superior Court*, 798 P.2d 1230, 1235–36 (Cal. 1990) (discussing the limitations

3                                                                    17-55323

period embodied in section 2071 of the California Insurance Code and explaining that it has been "interpreted to mean that . . . the insured was compelled to satisfy all conditions precedent as well as institute suit within the same 12-month period" (quoting *Proc v. Home Ins. Co.*, 217 N.E.2d 136, 138 (N.Y. 1966))).

Keller and Yaney failed to comply with the one-year suit-limitation provision in the LAAU clause because they filed their claim over one year after the loss occurred. The loss in this case occurred in November or December 2012, when Keller and Yaney noticed the cupping of their floors. And even if we were to assume that the loss did not occur until July 2013, when Keller and Yaney decided that the cupping issue would not resolve itself over time, they were still late in submitting their claim to Federal in September 2014. True enough, the limitations period was tolled while Federal was evaluating Keller and Yaney's claim between September 2014 and December 2015. *See, e.g., id.* at 1240–43 (holding that the insured's submission of his or her claim tolls the statutory limitations period for fire-insurance policies). But the December 10, 2015 complaint was still time-barred by the LAAU's suit-limitation provision because Keller and Yaney waited over a year after the loss occurred before even filing their claim with Federal.

Keller and Yaney seek to avoid this result by arguing that either collateral estoppel or judicial estoppel precludes Federal's interpretation of the LAAU clause

4                                                              17-55323

because of the Eleventh Circuit's decision in *Swaebe v. Federal Insurance Co.*, 374 F. App'x 855 (11th Cir. 2010), and Federal's position taken in that case. But neither collateral estoppel nor judicial estoppel apply in the present case because *Swaebe* concerned a different issue and Federal did not take a clearly inconsistent position in that case. *Swaebe* concerned the provision within the LAAU clause that prohibits the insured from filing suit prior to complying with certain conditions precedent, not the suit-limitation provision, and these provisions are discrete requirements.

Equitable estoppel and waiver are also inapplicable in the present case. "[C]onduct by the insurer *after* the limitation period has run—such as failing to cite the limitation provision when it denies the claim, failing to advise the insured of the existence of the limitation provision, or failing to specifically plead the time bar as a defense—cannot, as a matter of law, amount to a waiver or estoppel." *Prudential-LMI Commercial Ins.*, 798 P.2d at 1240 n.5 (emphasis in original). All of the alleged statements by Jeffrey Gesell, Federal's coverage counsel, were made in 2015, well after the limitations period had already expired. Accordingly, the district court did not abuse its discretion in concluding that Gesell's statements did not give rise to any waiver or equitable estoppel by Federal.

Finally, Keller and Yaney argue that Federal failed to show that they acted with unnecessary delay or that Federal was prejudiced by their delay in filing the

17-55323

claim. Keller and Yaney's reliance on the notification provision of the policy is misguided, however, because Federal did not deny coverage based on lack of notification. It instead denied coverage based on the one-year suit-limitation provision in the LAAU clause. As the district court held, the notification and suit-limitation provisions are "separate and distinct policy condition[s]," so the notification provision is "irrelevant to the question of whether the limitation period had run." *See State Farm Fire & Cas. Co. v. Superior Court*, 258 Cal. Rptr. 413, 418 (Ct. App. 1989) ("The courts require no showing of prejudice to enforce a statute of limitations, in insurance cases or otherwise."). Accordingly, the district court did not err in holding that Federal did not need to show that Keller and Yaney acted with unnecessary delay in filing their lawsuit or that Federal suffered any prejudice because of this delay.

We conclude by ruling on Keller and Yaney's motion to take judicial notice of (1) filings from *Majagah v. AIG Property Casualty Insurance Agency, Inc.*, No. 15-06178, 2016 WL 475362 (D.N.J. Feb. 8, 2016), (2) Chubb Limited's 10K form filed with the Securities and Exchange Commission, and (3) Keller and Yaney's request for judicial notice of documents filed in support of their motion for partial summary judgment before the district court. We considered all of these documents in reaching this disposition, so the motion to take judicial notice is denied as moot.

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.